UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUN THEM SWEET, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>CPA GLOBAL LIMITED, et al.,<br><br>    Defendants. | Case No. 16-cv-03662-JST<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER**<br><br>Re: ECF No. 20 |

In this case, California-based company Run Them Sweet has sued CPA Global Limited, which is located in Jersey, Channel Islands, and its American subsidiary, which is located in Alexandria, Virginia. The contract between the parties contains a forum selection clause requiring that "any legal action taken regarding this Agreement shall be brought in a U.S. District Court located in the Commonwealth of Virginia." Defendants now move to enforce that clause and seek an order transferring the case to the Eastern District of Virginia under 28 U.S.C. § 1404(a). The Court grants the motion.

## I. BACKGROUND

### A. Factual Background

Plaintiff Run Them Sweet, LLC (RTS), "is a medical diagnostics company focused on the nutritional state of a patient." ECF No. 1 ¶ 1. "RTS holds United States patents and patent applications that are registered in foreign countries. To maintain the foreign registration of these patents, RTS must pay annual fees to the foreign patent registrars in each country for each of its patents." Id. "To manage these payments, RTS contracted with [Defendant] CPA Global Limited (CPA), which agreed to handle the payments in exchange for a fixed fee per patent." Id. ¶ 2.

Plaintiff, on behalf of itself and other plaintiffs similarly situated, alleges that it was

overcharged various fees under its contract with CPA for patent renewal services performed on RTS's behalf by CPA "inflating certain fees," "outright inventing others," and "issu[ing] opaque invoices." Id. ¶ 4–5; ECF No. 20-1, Declaration of Sally Jo Russell ¶ 5. The Complaint alleges claims for: (1) breach of contract, (1) unjust enrichment, and (3) violation of California's Unfair Competition Law (UCL), Cal. Bus. & Prof. Code § 17200 *et seq*.

### B. Jurisdiction

This Court has jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d)(2).

### C. Procedural History

Plaintiff filed its class action Complaint on June 29, 2016. ECF No. 1. On August 18, 2016, Defendant filed this motion to transfer venue, requesting that the case be transferred to the Eastern District of Virginia. ECF No. 20. Plaintiff opposes the motion. ECF No. 25. The Court heard argument on October 25, 2016.

## II. MOTION TO TRANSFER

### A. The Forum Selection Clause

The parties' relationship is governed by a written contract. ECF No. 1, Exh. A. Section 12 of that contract, entitled "Governing Law," states the following:

> These conditions and any contract made under them shall be governed by and construed in accordance with the laws of the Commonwealth of Virginia, United States of America, with the understanding that any legal action taken regarding this Agreement shall be brought in a U.S. District Court located in the Commonwealth of Virginia.

ECF No. 1-1, at 10.

RTS was initially referred to CPA for its patent renewal services by RTS's attorneys at Knobbe Martens. ECF No. 20-1, Declaration of Sally Jo Russell ¶ 6. "CPA presented RTS with a patent renewal services contract at the offices of RTS in San Francisco." ECF No. 25 at 2. RTS executed the contract in San Francisco; CPA appears to have executed it in the Channel Islands. ECF No. 1-1 at 10.

### B. Legal Standard

Where venue is proper, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Section 1404(a) places "discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (quoting Van Dusen v. Barrack, 376 U.S. 612, 622 (1964)).

### C. Discussion

Venue in the target district of the Eastern District of Virginia would be proper under § 1404(a), as it is a venue in which this action could have been brought. 28 U.S.C. § 1404(a). The Eastern District of Virginia would have subject matter jurisdiction over this case under the Class Action Fairness Act of 2005. 28 U.S.C. § 1332(d)(2). CPA's North American headquarters are located within the Eastern District of Virginia, making it a resident of that district for venue purposes. See 28 U.S.C. § 1391(b)(1) & (c)(2). Both defendants are subject to personal jurisdiction in the Eastern District of Virginia.

Plaintiff opposes the motion to transfer venue, arguing that the contract's forum selection clause should not be enforced because it would contravene California's public policy favoring class actions and consumer protection claims. ECF No. 25. Plaintiff also argues that the case should not be transferred under the convenience factors considered pursuant to 28 U.S.C. § 1404(a). Id.

#### 1. The Forum Selection Clause is Valid

Absent other arguments regarding the enforceability of the clause, the Court begins with the presumption that the forum selection clause is "prima facie valid." Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 589 (1991) (quoting The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10

(1972)). "[T]he party seeking to avoid a forum selection clause bears a 'heavy burden' to establish a ground upon which we will conclude the clause is unenforceable." Doe 1 v. AOL LLC, 552 F.3d 1077, 1083 (9th Cir. 2009) (quoting Bremen, 407 U.S. at 17). A forum selection clause may be deemed unreasonable, and a court may decline to enforce it, under the following circumstances:

> (1) if the inclusion of the clause in the agreement was the product of fraud or overreaching; (2) if the party wishing to repudiate the clause would effectively be deprived of his day in court were the clause enforced; and (3) if enforcement would contravene a strong public policy of the forum in which suit is brought.

Holland Am. Line Inc. v. Wartsila N. Am., Inc., 485 F.3d 450, 457 (9th Cir. 2007). Plaintiff does not contend that the forum selection clause was the result of fraud or overreaching, or that Run Them Sweet would be deprived of its day in court if the case is transferred to the Eastern District of Virginia. Rather, Plaintiff argues that transfer to the Eastern District of Virginia would diminish its class action rights and bar relief under California's unfair competition law in contravention of California public policy. ECF No. 25 at 1, 6-7. The Court is not persuaded by either point.

First, the cases Plaintiff cites in arguing that transfer here would improperly diminish class action rights are inapposite. For example, in Doe, on which Plaintiffs rely heavily, the Ninth Circuit held that a forum selection clause selecting Virginia *state* courts was unenforceable "as to California resident plaintiffs bringing class action claims under California consumer law." Doe, 552 F.3d at 1084. This was so because "consumer class actions are not available in Virginia state courts," contravening a strong public policy in California favoring consumer class actions, and "enforcement of the forum selection clause violate[d] the anti-waiver provision of the Consumer Legal Remedies Act (CLRA)." Id. at 1083–84. But transfer to the Eastern District of Virginia would not preclude Plaintiff from pursuing its case as a class action. "Since the forum selection clause permits actions to be brought in federal court, Plaintiff remains free to pursue [its] claims on a class basis in accordance with Federal Rule of Civil Procedure 23." Gamayo v. Match.com LLC, No. C 11-00762 SBA, 2011 WL 3739542, at *6 (N.D. Cal. Aug. 24, 2011); see also Madanat v. First Data Corp., No. C 10-04100 SI, 2011 WL 208062 (N.D. Cal. Jan. 21, 2011).

4

United States District Court
Northern District of California

Case 1:16-cv-01347-TSE-TCB Document 36 Filed 10/25/16 Page 5 of 6 PageID# 176

Even so, Plaintiff argues that, similarly to Perry v. AT&T Mobility LLC, No. C 11-01488 SI, 2011 WL 4080625, at *4 (N.D. Cal. Sep. 12, 2011), "in this case enforcement of the Virginia choice-of-venue and choice-of-law clauses, in tandem, would operate as a waiver of a non-waivable right, specifically Plaintiff's statutory right to bring a class action for injunctive relief under the UCL." ECF No. 25 at 7. But East Bay Women's Health, Inc. v. gloStream, Inc., No. C 14-00712 WHA, 2014 WL 1618382, at *3 (N.D. Cal. Apr. 21, 2014) (Alsup, J.), relied upon by Defendant here, further illustrates the distinction between Doe and a case like this one where transfer would not confine Plaintiffs to a court "procedurally incapable of hearing" the type of claim they seek to bring. gloStream, 2014 WL 1618382, at *3. There, the court acknowledged those cases in which the choice-of-law and forum-selection provisions could not be separated, distinguishing them from the case before it where the defendant moved to transfer a case from one federal district court to another. Id. at *2-3.

Because the Eastern District of Virginia is capable of hearing Plaintiff's class action claims, the forum-selection clause is "'separate and distinct from choice of law provisions that are not before the court.'" Id. at *3. "[P]laintiffs' argument that [Virginia] state laws might provide them with less protection that California's Unfair Competition Law is unavailing because it requires speculation 'as to the potential outcome of the litigation on the merits in the transferee forum and to consider whether that outcome would conflict with a strong public policy of the transferor forum at the outset of the action.'" Id. (quoting Besag v. Custom Decorators, Inc., 2009 U.S. Dist. LEXIS 12582, at *11-12 (N.D. Cal. Feb. 10, 2009)). Like the Plaintiffs in gloStream, Plaintiffs here have "failed to identify a fundamental public policy underlying California's Unfair Competition Act that relates to *venue*." Id. "After this action is transferred to the [Eastern District of Virginia], plaintiffs are free to argue to the transferee court that California state law ought to apply, but this order declines to speculate how such an argument will be received." Id.

Moreover, the Court is unconvinced that transfer would operate as an impermissible "prospective waiver of [Plaintiff's] right to pursue statutory remedies." ECF No. 25 at 6 (quoting Perry v. AT&T Mobility LLC, No. C 11-01488 SI, 2011 WL 4080625, at *4 (N.D. Cal. Sep. 12, 2011)). Plaintiffs cites to Perry in support of this argument, but that case is narrower than alleged.

5

Judge Illston stated there that "[w]here a state prohibits the prospective waiver of the remedies provided for in the statute that a plaintiff is trying to enforce, a court may consider whether choice-of-forum and choice-of-law clauses" together operate as a prospective waiver such that a "forum selection clause is unenforceable as against the strong public policy of that state." Perry, 2011 WL 4080625, at *4. In Perry, "the enforceability of the forum selection clause [could] not be divorced from the choice of law question" because the rights at issue were not waivable. Id.

While the CLRA, at issue in Doe, contains "an anti-waiver provision that states that '[a]ny waiver by a consumer of the provisions of this title is contrary to public policy and shall be unenforceable and void,'" Van Slyke v. Capital One Bank, 503 F. Supp. 2d 1353, 1360–61 (N.D. Cal. 2007) (Alsup, J.) (quoting Cal. Civ. Code § 1751), "[n]o such express provision exists in California's unfair competition law or in deceit claims." Id. (citing Cal. Bus. & Prof. Code §§ 17200 *et seq*.). Plaintiff has not provided the Court with any precedential support for the proposition that its UCL claims are subject to an anti-waiver provision precluding transfer.

## CONCLUSION

The Court concludes that enforcement of the contract's forum-selection clause does not contravene any anti-waiver provision of California's UCL or the strong public policy of California. Accordingly, Defendant CPA's motion to transfer venue is granted.

IT IS SO ORDERED.

Dated: October 25, 2016

                                                          _____
                                                          JON S. TIGAR
                                                          United States District Judge