**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| **RUN THEM SWEET, LLC, on behalf of itself and those similarly situated,**<br><br>            **Plaintiff,**<br><br>     **v.**<br><br>**CPA GLOBAL LIMITED and CPA GLOBAL NORTH AMERICA LLC,**<br><br>            **Defendants.** | **Case No. 1:16-cv-01347-TSE-TCB** |

**PLAINTIFF RUN THEM SWEET LLC'S RESPONSE IN OPPOSITION TO
DEFENDANTS' PARTIAL MOTION TO DISMISS THE COMPLAINT**

**TABLE OF CONTENTS**

I.    **INTRODUCTION**................................................................................................1

II.   **FACTUAL BACKGROUND**...............................................................................2

      A.    **Plaintiff's Allegations**.............................................................................2

      B.    **Procedural History**..................................................................................3

III.  **LEGAL STANDARD** ..........................................................................................3

IV.   **ARGUMENT**.......................................................................................................4

      A.    **The Choice-of-Law Provision Only Governs the Conditions of the Parties' Contract and Does Not Apply to Plaintiff's Claims Sounding in Tort**......4

      B.    **The Choice-of-Law Provision Contravenes Fundamental California Public Policy and Therefore the Court Can and Should Decline to Enforce It**........................................................................................8

      C.    **In the Alternative, the Court Should Grant Plaintiffs Leave to Amend to Plead Claims in Accordance with the Laws of the Commonwealth of Virginia** ......................................................10

V.    **CONCLUSION** ...........................................................................................11

## TABLE OF AUTHORITIES

**CASES**

*Aamco Transmissions, Inc. v. Marino*, 1992 WL 38120 (E.D. Pa. 1992) ................................6

*America Online, Inc. v. Superior Court,* 90 Cal.App.4th 1 (2001)...........................................9

*Armendariz v. Foundation Health Psychcare Services, Inc.*, 24 Cal.4th 83 (2000) ...............10

*Ashcroft v. Iqbal*, 556 US 662 (2009) ......................................................................................4

*AT&T Mobility LLC v. AU Optronics Corp.*, 707 F.3d 1106 (9th Cir. 2013) ..........................6

*Barnes Group, Inc. v. C & C Prods., Inc.*, 716 F.2d 1023 (4th Cir.1983)...............................8

*Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007) ....................................................................4

*Bibb v. Navajo Freight Lines, Inc.*, 359 U.S. 520 (1959) .........................................................8

*Black v. Powers*, 628 S.E.2d 554 (2006) ..................................................................................8

*Caton v. Leach Corp.*, 896 F.2d 939 (5th Cir. 1990).................................................................5

*Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.,*
    20 Cal. 4th 163 (1999) .....................................................................................................9

*Davis v. Piper Aircraft Corp.*, 615 F.2d 606 (4th Cir. 1980)...................................................11

*Diamond Multimedia Sys., Inc. v. Superior Court*, 19 Cal.4th 1036 (1999) ......................10

*Doe 1 v. AOL LLC*, 552 F.3d 1077 (9th Cir. 2009) ..................................................................8

*East West, LLC v. Rahman*, 873 F.Supp.2d 721 (E.D. Va. 2012) ..........................................10

*Edme v. Internet Brands, Inc.*, 968 F.Supp.2d 519 (E.D.N.Y. 2013) ......................................6

*Estate of Knox v. Wheeler,*
    No. 2:05-CV-19-PRC, 2005 WL 2043787 (N.D. Ind. Aug. 25, 2005) ...........................5

*Florida Evergreen Foliage v. E.I. Du Pont De Nemours & Co.*,
    135 F. Supp. 2d 1271 (S.D. Fla. 2001) ...........................................................................5

*Foman v. Davis*, 371 U.S. 178 (1962) ....................................................................................10

*Franks v. Ross*, 313 F.3d 184 (4th Cir. 2002)..........................................................................4

*Freedman v. America Online, Inc.*, 325 F.Supp.2d 638 (E.D. Va. 2004)..................................4

*Heating & Air Specialists, Inc. v. Jones,* 180 F.3d 923 (8th Cir. 1999) ..................................7

*Hitachi Credit America Corp. v. Signet Bank*, 166 F.3d 614 (4th Cir. 1999) .........................7

*Inacom Corp. v. Sears, Roebuck & Co.*, 254 F.3d 683 (8th Cir. 2001) ...................................5

*Insteel Indus. v. Costanza Contr. Co.*, 276 F. Supp. 2d 479, 483 (E.D. Va. 2003)…………..7

*Jiffy Lube Int'l, Inc. v. Jiffy Lube of Penn., Inc.*, 848 F.Supp. 569 (E.D. Pa. 1994)..................6

*Johnson v. Mueller*, 415 F.2d 354 (4th Cir. 1969).....................................................................4

*Johnson v. Orowheat Foods Co.*, 785 F.2d 503 (4th Cir. 1986)..............................................10

*Kasky v. Nike*, 27 Cal. 4th 939 (2002) ......................................................................................9

*Kilgore v. KeyBank, N.A.*, 718 F.3d 1052 (9th Cir. 2013)........................................................10

*Laber v. Harvey*, 438 F.3d 404 (4th Cir. 2006) ...................................................................10, 11

*LTD Management Co., LLC v. Holiday Hospitality Franchising, Inc.,*
    No. 2:07cv530, 2008 WL 7281926 (E.D. Va. Mar. 11, 2008) .........................................4

*M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1 (1972) ........................................................6

*MacKethan v. Peat. Marwick. Mitchell & Co.*, 439 F.Supp. 1090 (E.D. Va. 1977)...............4

*Monoflo Int'l, Inc. v. Sahm*, 726 F. Supp. 121 (E.D. Va. 1989)...............................................9

*Republican Party of N.C. v. Martin,* 980 F.2d 943 (4th Cir.1992) .........................................4

*Sanchez v. Lasership, Inc*., No. 1:12cv246, 2012 WL 3730636 (E.D. Va. Aug. 27, 2012).....4

*Sav-On Drug Stores, Inc. v. Superior Court*, 34 Cal.4th 319 (2004) .......................................9

*Scheuer v. Rhoades,* 416 U.S. 232 (1974).................................................................................4

*Systems Research & Applications v. Rohde & Schwarz,*
    840 F.Supp.2d 935 (E.D. Va. 2012) ................................................................................6

*The Kensington*, 183 U. S. 263 (1902) .....................................................................................6

*US ex rel. Carter v. Halliburton Co.*, 144 F.Supp.3d 869 (E.D. Va. 2015) ...........................10

*Van Slyke v. Capital One Bank*, N.D.Cal.2007, 503 F.Supp.2d 1353......................................9

*Vertex Surgical, Inc. v. Paradigm Biodevices, Inc.*, 390 F. App'x 1 (1st Cir. 2010)……..…6,7

*Wanzek, a Mastec Co. v. Allstate Tower, Inc.*,
    Case No. 3:11-cv-94, U.S. Dist. LEXIS 88862 (D.N.D. June 25, 2013)..........................5

*Willard v. Aetna Casualty & Surety Co.*, 213 Va. 481, 193 S.E.2d 776 (1973) .......................8

**STATUTES**

Cal. Bus. & Prof. Code § 17200 .............................................................................................3

Cal. Civ. Code § 3513.............................................................................................................10

Fed. R. Civ. P. 12(b)(6)..........................................................................................................10

Fed. R. Civ. P. 15(a) ...............................................................................................................10

Fed. R. Civ. P. 15(a)(1)............................................................................................................2

Fed. R. Civ. P. 15(a)(2)...........................................................................................................10

I.      **INTRODUCTION**

Plaintiff Run Them Sweet, LLC ("RTS") is a small, California-based company that entered into a contract (the "Contract") with Defendants CPA Global Limited and CPA Global North America Limited, LLC (collectively, "CPA") wherein CPA agreed to provide patent renewal services to RTS.

As alleged, CPA substantially overcharged RTS for those services in violation of the Contract.  In so doing, CPA unjustly enriched itself at RTS's expense.  CPA also harmed RTS and the public by engaging in unfair, unlawful and fraudulent business acts and practices, for which it is liable under California's Unfair Competition Law ("UCL").

RTS originally filed this action in the U.S. District Court for the Northern District of California, within which district RTS is located and where CPA has one of its many offices. RTS asserted claims for breach of contract, unjust enrichment, as well as a claim under the UCL, on behalf of itself and a class of similarly situated plaintiffs.

Judge Tigar of the U.S. District Court for the Northern District of California ordered the case transferred to this Court based on a forum selection clause in the Contract but, in doing so, declined to rule on the enforceability of the Contract's choice-of-law provision. (Dkt. No. 23; Defs.' Mem. in Supp. of Partial Mot. to Dism. the Compl. at 3.)

The Contract's choice-of-law provision plainly and unambiguously applies only to the "conditions" of the Contract, not any dispute arising out the parties' relationship. (Compl., Ex. B at 9, ¶ 12.) Accordingly, the Court should find that the choice-of-law provision is inapplicable to Plaintiff's and the class members' tort and statutory claims. It is well-established that a choice-of-law provision does not determine the application of law to tort claims when the provision states only that *the contract* and/or its conditions shall be governed by the law of a particular state.

Defendants' motion is based upon a misleading characterization of the language of the Contract.  Whereas the agreement states that only the "contract" and its "conditions" shall be governed by Virginia law, Defendants quote it as applying to "all disputes

regarding the agreement." (Defs.' Mem. of Law in Supp. of Partial Mot. to Dism. at 1.) Properly construed, the choice-of-law provision does not require dismissal of Plaintiff's UCL or unjust enrichment claims, as those claims simply do not come within its ambit.

In addition, or in the alternative, the Court should decline to enforce the choice-of-law provision as to do so would eliminate Plaintiff's and the absent class members' rights and remedies under the UCL and thereby contravene a fundamental policy of the State of California. The California legislature enacted the UCL to serve the California public's interest in weeding out and enjoining precisely the sort of misconduct alleged vis-à-vis CPA. The Court can and should refuse to enforce a choice-of-law provision where enforcement would violate the public policy of another state.

Finally, although the Court should not grant Defendants' motion, if it does Plaintiff requests leave to amend its Complaint under Rule 15 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 15(a)(1).

## II.   FACTUAL BACKGROUND

### A. Plaintiff's Allegations

RTS is a small business located in the California Bay Area which is developing an innovative medical technology. (Compl. [Dkt. No. 1] ¶¶ 1-4, 12.) This technology is protected by patents in the United States and in other foreign countries. To maintain this protection, RTS requires patent renewal services. CPA provides consumers with patent renewal services. It is a large, multinational corporation. (*Id.* ¶¶ 14-18, 43; Ex. A-B.)

In the Contract, CPA agreed to pay RTS's patent renewal fees in exchange for RTS paying CPA a fixed amount per patent renewal plus pass-through costs. (*Id.* ¶ 18-23.) This case centers on CPA's unfair, unlawful and deceptive practice of opaquely overcharging RTS for its services through the use of deceptively labeled administrative fees that were and are actually sources of profit for CPA. (*Id.* ¶¶ 30-38.) RTS alleges that CPA overcharged in violation of the Contract, but more than that, CPA unjustly enriched itself at RTS's expense. (*Id.* ¶¶ 21-38, 44.) CPA harmed RTS, CPA's competitors, and the public

by engaging in unfair and fraudulent business acts and practices (*Id.* ¶¶ 30-38.)

### B.   Procedural History

RTS filed its Complaint in the U.S. District Court for the Northern District of California, asserting claims for breach of contract, unjust enrichment, and violation of the UCL (Cal. Bus. & Prof. Code § 17200).

On August 18, 2016, CPA moved to transfer the case based on a Virginia forum-selection clause. (Dkt. No. 20.) Subsequently, U.S. District Judge Tigar approved the parties' stipulation to extend CPA's deadline to respond to the Complaint until 30 days after the Court issued its ruling on the motion to transfer. (Dkt. No. 23.)

On October 25, 2016, Judge Tigar granted CPA's motion to transfer.   CPA's assertion that Judge Tigar rejected Plaintiff's arguments against enforcement of the Contract's choice-of-law provision is incorrect. (Defs. Mem. in Supp. of Partial Mot. to Dism. at 3.) Judge Tigar expressly declined to rule on whether the Virginia choice-of-law clause is enforceable, or whether RTS would be unable to pursue its unjust enrichment and UCL claims once the case was transferred to this Court.

Judge Tigar clearly stated in his order transferring this case that "the forum-selection clause is 'separate and distinct from choice of law provisions that are not before the court.'… After this action is transferred to the [Eastern District of Virginia], plaintiffs are free to argue to the transferee court that California state law ought to apply, but this order declines to speculate how such an argument will be received." (Dkt. No. 36, Order Granting Defendant's Motion to Transfer, at 5.)

### III.   LEGAL STANDARD

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir.

1992) (citation omitted). When ruling on a Rule 12(b)(6) motion, the Court must accept the facts alleged in the complaint as true. *Scheuer v. Rhoades,* 416 U.S. 232, 236 (1974); *Franks v. Ross*, 313 F.3d 184,192 (4th Cir. 2002). In addition, all reasonable inferences must be made in favor of plaintiffs. *Johnson v. Mueller*, 415 F.2d 354 (4th Cir. 1969); *MacKethan v. Peat. Marwick. Mitchell & Co.*, 439 F.Supp. 1090 (E.D. Va. 1977).

The Court must construe the complaint in the light most favorable to the plaintiff, read the complaint as a whole, and take the facts asserted therein as true. *Ashcroft v. Iqbal*, 556 US 662, 678 (2009). Further, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 556 (2007).

## IV.     ARGUMENT

### A. The Choice-of-Law Provision Only Governs the Conditions of the Parties' Contract and Does Not Apply to Plaintiff's Claims Sounding in Tort

Numerous opinions of this Court have held that a choice-of-law clause stipulating that the law governing and for use in construing the contract and its conditions does not dictate the law to be applied to statutory or tort claims. *See Sanchez v. Lasership, Inc*., No. 1:12cv246, 2012 WL 3730636, at *5-6 (E.D. Va. Aug. 27, 2012) (choice-of-law provision stating that "[the] Agreement shall be construed according to the laws of the United States and of the Commonwealth of Virginia. . . ." did not dictate tort or statutory law governing all disputes or claims between the parties); *LTD Management Co., LLC v. Holiday Hospitality Franchising, Inc.,* No. 2:07cv530, 2008 WL 7281926, at *10 (E.D. Va. Mar. 11, 2008) (provision stating only that "[The Agreement] shall be governed" under Georgia law inapplicable to Plaintiff's "contract-related tort claims"); *Freedman v. America Online, Inc*., 325 F.Supp.2d 638, 653 (E.D. Va. 2004) (in order to be sufficiently broad to encompass torts, a choice-of-law provision must govern parties' entire relationship, because "a choice-of-law provision that, by its terms, applies only to the parties' contract or agreement must

not be construed to govern the entirety of the parties' relationship and any claim that may arise from that relationship.").

Numerous opinions from other courts support this Court's core holding that such a clause does not choose or determine the law applicable to any or all disputes between the parties. *Inacom Corp. v. Sears, Roebuck & Co.*, 254 F.3d 683, 687-88 (8th Cir. 2001) (holding that clause providing that contract "shall be governed by and construed in accordance with the law of the State of Illinois" did not select choice of law for fraud-related claims because this "narrow contractual language" does not provide an "indication . . . that the parties intended to elect Illinois law as the forum for every contract-related claim"); *Caton v. Leach Corp.*, 896 F.2d 939, 943 n. 3 (5th Cir. 1990) ("In contrast to broad clauses, which choose a particular state's law to govern, construe and enforce all rights and duties of the parties arising from or relating in any way to the subject matter of [the applicable] contract, the instant clause denotes only that [Illinois] law will be applied to [govern and] *construe* the contract.") (emphasis added); *see also Wanzek, a Mastec Co. v. Allstate Tower, Inc.*, Case No. 3:11-cv-94, U.S. Dist. LEXIS 88862 at *23, at (D.N.D. June 25, 2013) (when "plain language of the choice-of-law clause clearly limits its application to the provisions of the Agreement itself," ordinary choice-of-law principles apply to tort claims, including *lex loci delicti* where appropriate); *Estate of Knox v. Wheeler,* No. 2:05-CV-19-PRC, 2005 U.S. Dist. LEXIS 48337, at *25-26 (N.D. Ind. Aug. 25, 2005) (no choice of tort law intended by clause providing that "[t]his Agreement shall be governed by and interpreted under the laws of the State of Ohio"); *Florida Evergreen Foliage v. E.I. Du Pont De Nemours & Co.*, 135 F. Supp. 2d 1271, 1278 (S.D. Fla. 2001) (where agreement between Delaware corporation and Florida business "does not state that any and all claims arising out of the relationship of the parties shall be governed by Delaware law, or anything to that effect," the plaintiff's "tort claims shall therefore be interpreted under Florida law."); *Jiffy Lube Int'l, Inc. v. Jiffy Lube of Penn., Inc.*, 848 F.Supp. 569, 576 (E.D. Pa. 1994) ("narrow choice of law provisions are 'generally held insufficient to encompass the contracting parties' tort claims'") (quoting

*Aamco Transmissions, Inc. v. Marino*, 1992 WL 38120, at *6 n. 15 (E.D. Pa. 1992)).

CPA's attorneys, who drafted the choice-of-law provision at issue, knew how to draft a choice-of-law clause to achieve the result that CPA seeks by their motion, but which is not supported by the actual agreement. A typical clause covering *any* claim or dispute between the parties will state: "If there is any claim or dispute about or involving the Model Mayhem Services, you agree that the claim or dispute will be governed by the laws of the State of California, United States of America, without regard to conflict of law provisions." *Edme v. Internet Brands, Inc*., 968 F.Supp.2d 519, 524 (E.D.N.Y. 2013).

The clause in this case indicates that only the "contract" and its "conditions" are "governed by and construed in accordance with" Virginia law. (Compl., Ex. A § 12; Defs.' Mem. in Supp. of Partial Mot. to Dism. at 2-3). By contrast, in *Hitachi Credit America Corp. v. Signet Bank*, 166 F.3d 614 (4th Cir. 1999), cited by Defendants, the appellate panel was faced with a clause that "explicitly calls for the application of Virginia law in the interpretation of '[t]his Agreement and the rights and obligations of the parties hereunder . . . including all matters of construction, validity and *performance*.'" *Id*. at 624 (emphasis added). The parties in this case did not select Virginia law to govern contract performance, let alone tort claims, claims involving misrepresentations ancillary to performance, or independent statutory duties such as those arising under California's unfair competition law.

There is a very well-reasoned opinion by Justice Souter, sitting by designation on the First Circuit Court of Appeals, that this Court may find persuasive and instructive. In *Vertex Surgical, Inc. v. Paradigm Biodevices, Inc*. ("*Vertex*"), Justice Souter considered whether a choice-of-law provision prescribing the application of Massachusetts law barred a wage claim based on a Georgia statute. 390 F. App'x 1, 1 (1st Cir. 2010).

Under the provision at issue in *Vertex*, the parties had agreed that Massachusetts law would exclusively govern "all terms of this Agreement." *Id.* (emphasis added). Justice Souter and the other panel members concluded that the Massachusetts choice-of-law provision governed only the construction of the terms of the agreement and therefore did not

6

bar the statutory wage claim. *Id.* at 3.  The *Vertex* Court concluded that "[m]atters apart from construing 'terms' are ostensibly left alone, including any choice of law issue about  the applicability of post-breach statutory obligations imposed by a state other than Massachusetts having an interest in the contractual relationship[.]" *Id.* at 2.

As in *Vertex*, Plaintiff in this case has alleged a statutory claim under the UCL, which is statutory obligation separate and distinct from any dispute between the parties about the "conditions of the contract" and, as in *Vertex*, that matter is ostensibly left alone by the Contract.  The Court has followed the reasoning of *Vertex* before, *see Sanchez v. Lasership, Inc.*, No. 1:12cv246, 2012 WL 3730636, at *5-6 (E.D. Va. Aug. 27, 2012), and should do so here again.  It should also follow the legion of other cases cited above and find that the choice-of-law provision does not apply to Plaintiff's UCL and unjust enrichment claims.

Because the choice-of-law provision does not apply, the Court must apply Virginia's choice-of-law rules in determining the applicable law to those claims.   *See Insteel Indus. v. Costanza Contr. Co.*, 276 F. Supp. 2d 479, 483 (E.D. Va. 2003) ("[A] federal court sitting in Virginia and exercising diversity jurisdiction applies Virginia's choice of law rules.").

Plaintiff's UCL claim alleges that CPA's conduct was unfair, unlawful and fraudulent, Cmplt. ¶¶ 62-68, and is thus clearly a claim sounding in tort.  Likewise, Plaintiff's unjust enrichment claim alleges that CPA should be required to disgorge unlawful gains. Cmplt., ¶ 61.  Virginia's choice of law doctrine applies the rule of "lex loci delicti" to claims sounding in tort, whereby the law of the "place of the wrong" is the law to be applied. *Insteel Indus., supra*, 276 F. Supp. 2d at 486.  As alleged, RTS was in California when it received and relied on the false and/or misleading representations and statements made by CPA, Compl. ¶¶ 1-7, 12-13, thereby making the *lex loci delicti* California law.  California law, not Virginia law, therefore applies to Plaintiff's claims under the UCL and for unjust enrichment.

Because California law provides for claims under the UCL and for unjust enrichment as a form of restitution, Defendants' motion to dismiss should be denied in its entirety.

**B. The Choice-of-Law Provision Contravenes Fundamental California Public Policy and Therefore the Court Can and Should Decline to Enforce It**

Even if the Court were to conclude that the choice-of–law provision can be read to encompass RTS's tort claims, the Court should still decline to enforce it as it would contravene the fundamental public policy of California. *See Barnes Group, Inc. v. C & C Prods., Inc.*, 716 F.2d 1023, 1031 (4th Cir. 1983) ("[I]t seems apparent that where the law chosen by the parties would make enforceable a contract flatly unenforceable in the state whose law would otherwise apply, to honor the choice-of-law provision would trench upon that state's 'fundamental policy.'"). Indeed, Virginia courts will not apply another state's substantive law if it is contrary to Virginia's public policy. *See Black v. Powers*, 628 S.E.2d at 554 (stating that, "if the applicable substantive law of the jurisdiction where the contract was executed is contrary to Virginia public policy, Virginia courts will not apply the foreign rule of law") (citing *Willard v. Aetna Casualty & Surety Co.*, 213 Va. 481, 193 S.E.2d 776, 778 (1973)).

California has a "strong public policy" to protect its citizens against "unfair and deceptive business practices." *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1084 (9th Cir. 2009) (invalidating a choice-of-forum clause because Virginia offered less protection to its citizens than California against those practices). California "has a clear and substantial interest in preventing fraudulent practices in [California] which may have an effect both in California and throughout the country. . . California also has a legitimate and compelling interest in preserving a business climate free of fraud and deceptive [business] practices." *See Diamond Multimedia Sys., Inc. v. Superior Court*, 19 Cal.4th 1036, 1063-64 (1999).

The UCL is one of several statutes enacted by the California legislature as part of a robust policy and comprehensive scheme to protect its residents against unfair business practices. A statute enacted by a state legislature establishes the public policy of that state. *See, e.g., Bibb v. Navajo Freight Lines, Inc.*, 359 U.S. 520, 524 (1959) ("Policy decisions are for the state legislature, absent federal entry into the field.").

The UCL empowers plaintiffs such as RTS to seek broad, injunctive relief against businesses engaging in unfair business practices. *Kasky v. Nike*, 27 Cal.4th 939, 949 (2002). When undertaken as a class action, which procedural device also finds favor in California policy, a UCL claim for injunctive relief is one of the most potent statutory safeguards in the nation against the proliferation of unfair business practices. *Sav-On Drug Stores, Inc. v. Superior Court*, 34 Cal. 4th 319, 340 (2004) (noting that California "has a public policy which encourages the use of the class action device."). The UCL's scope is "broad", its coverage "sweeping, embracing", and its "major purpose [is] the 'preservation of fair business competition'." *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.,* 20 Cal.4th 163, 180 (1999).

By contrast, "Virginia continues to adhere to a narrow, sharply defined common law definition of unfair competition, i.e. 'deception, by means of which goods of one dealer are palmed off as those of another.'" *Monoflo Int'l, Inc. v. Sahm*, 726 F. Supp. 121, 127 (E.D. Va. 1989) (citations omitted). Consequently, enforcement of the Virginia choice-of-law clause in this case—and concomitant dismissal of the Complaint's UCL claims—would destroy Plaintiff's and other class plaintiffs' right to the broad injunctive relief they are seeking under the UCL, which relief inures to the benefit of the California public.

Other courts, including at least one federal court, have declined to enforce Virginia choice-of-law provisions where doing so would contravene California public policy. *See*, *e.g., Van Slyke v. Capital One Bank*, 503 F.Supp.2d 1353 (N.D. Cal. 2007) (California unfair competition law applied instead of Virginia law despite a Virginia choice-of-law provision, even though issuer was chartered in Virginia and ran all credit card operations there. California had fundamental policy interest in affording its citizens effective consumer class-action remedies, and issuer operated nationwide); *see also America Online, Inc. v. Superior Court,* 90 Cal.App.4th 1 (2001) (Virginia choice-of-law provision and Virginia forum selection clause both determined to be unconscionable and unenforceable insofar as they were in contravention of California public policy).

9

Furthermore, dismissal of RTS's unjust enrichment and UCL claims would prevent the exercise of statutory rights intended for the benefit of the public. Such rights cannot be prospectively waived. *See* Cal. Civ. Code § 3513 ("Any one may waive the advantage of a law intended solely for his benefit. But a law established for a public reason cannot be contravened by a private agreement."); *see also generally Armendariz v. Foundation Health Psychcare Services, Inc.*, 24 Cal.4th 83 (2000). "The UCL authorizes broad injunctive relief *to protect the public* from unfair business practices." *Kilgore v. KeyBank, N.A.*, 718 F.3d 1052, 1059 (9th Cir. 2013) (emphasis added).

Thus, for all of the foregoing reasons, even if the Court concludes that choice-of-law provision at issue here applies to claims other than the Complaint's contract-based claim, it should decline to enforce it.

### C. In the Alternative, the Court Should Grant Plaintiff Leave to Amend to Plead Claims in Accordance with the Laws of the Commonwealth of Virginia

The choice-of-law provision is inapplicable to Plaintiff's UCL and unjust enrichment claims. However, if the Court concludes otherwise, Plaintiff requests that it be granted leave to amend its complaint.

It is reversible error for a court to dismiss a cause of action without permitting an amendment. *See Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); (a "district court should not dismiss a complaint with prejudice under Fed.R.Civ.P. 12(b)(6) without first giving the plaintiff leave to amend").

Plaintiff is entitled to amend its complaint as justice requires. *See* Fed.R.Civ.P. 15(a); *US ex rel. Carter v. Halliburton Co.*, 144 F.Supp.3d 869, 878 (E.D. Va. 2015). Leave to amend should be granted freely, even when amendment as of right is no longer available. *See* Fed.R.Civ.P. 15(a)(2); *East West, LLC v. Rahman*, 873 F. Supp. 2d 721, 735 n.13 (E.D. Va. 2012). Such an amendment is not prejudicial to the defendant unless it relies upon facts and theories fundamentally different from those contained in the original pleading, so that the defendant would find it difficult to gather and analyze those new facts. *See Johnson v.*

*Orowheat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986).

As a matter of law, amendments that plead a new theory of recovery based on the pleaded facts, particularly before discovery has occurred, are not prejudicial. *See id.* (amendment to add franchise statute claim to breach of contract claim not prejudicial where "most of the facts to be analyzed" are the same); *see also Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006) (where facts underlying claims are similar, "an allowance of the amendment could not in any way prejudice the preparation of the defendant's case") (citation and internal quotation marks omitted); *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980) (where "events giving rise to the action" are similar, no prejudice results from amendment to add different theory).

Although the Court should not grant Defendants' motion, if it does so Plaintiff requests and respectfully submits that it must be given leave to file an amended complaint to assert claims under Virginia's false advertising law, as well as common law claims of fraud, constructive fraud, and breach of contract.

## V.   CONCLUSION

For the foregoing reasons, CPA's motion should be denied.

Respectfully submitted,

Dated: November 29, 2016

/s/

Geoffrey A. Neri, Esq.
VSB No. 72219
Attorneys for Plaintiff,
Run Them Sweet, LLC
Brown Neri Smith & Khan, LLP
11766 Wilshire Blvd., Ste. 1670
Los Angeles, CA 90025
Phone: (310) 593-9890
Fax: (310) 593-9980
Geoff@bnsklaw.com

Adam R. Gonnelli, Esq.
*Admitted Pro Hac Vice*
Attorneys for Plaintiff,
Run Them Sweet, LLC

11

The Sultzer Law Group
85 Civic Center Plaza, Suite 104
Poughkeepsie, NY 12601
Phone: (845) 483-7100
Fax: (888) 749-7747
gonnellia@thesultzerlawgroup.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of November, 2016, I will electronically file the

foregoing with the Clerk of the Court using the CM/ECF system, which will then send a

notification of such filing to the following:

Demme Doufekias
Morrison & Foerster LLP (DC)
200 Pennsylvania Avenue, NW
Suite 6000
Washington, DC 20006-1888
ddoufekias@mofo.com

Penelope Athene Preovolos
Grant C. Schrader
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94015-2482
ppreovolos@mofo.com
gschrader@mofo.com

_____/s/_____
Geoffrey A. Neri, Esq.
VSB No. 72219
Attorneys for Plaintiff,
Run Them Sweet, LLC
Brown Neri Smith & Khan, LLP
11766 Wilshire Blvd., Ste. 1670
Los Angeles, CA 90025
Phone: (310) 593-9890
Fax: (310) 593-9980
Geoff@bnsklaw.com

1