IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| RUN THEM SWEET, LLC, )<br>   Plaintiff, )<br> )<br>v. )<br> )<br>CPA GLOBAL LIMITED, *et al.*, )<br>   Defendants. ) | Case No. 1:16-cv-1347 |

## MEMORANDUM OPINION

At issue on a threshold partial dismissal motion in this transferred breach-of-contract and related tort and unjust enrichment case is whether a contractual choice-of-law provision that selects Virginia law to govern and construe the contract's conditions also covers tort and unjust enrichment claims related to the contract and contract performance. Defendants contend that Virginia law governs not only plaintiff's breach-of-contract claim, but also tort and unjust enrichment claims related to the contract, and thus the choice-of-law provision requires the dismissal of plaintiff's related tort and unjust enrichment claims for failure to state a claim under Virginia law. Plaintiff, in response, contends that the choice-of-law provision is limited to its breach-of-contract claim, and does not apply to its tort and unjust enrichment claims, and thus plaintiff's tort and unjust enrichment claims should be permitted to proceed.

I.

The facts pertinent to defendants' motion to dismiss are derived from the complaint and the contract and may be succinctly stated as follows.

Plaintiff Run Them Sweet, LLC is a medical diagnostics company headquartered in San Francisco, California. Defendant CPA Global Limited, LLC is an intellectual property

management company that monitors and renews clients' patents registered in foreign countries to ensure that the clients' patents are not lost or deemed abandoned. This defendant is organized under the laws of Jersey, Channel Islands, and is also headquartered there. Co-defendant CPA Global North America, LLC, CPA Global Limited, LLC's U.S. affiliate, is a Delaware company headquartered in Alexandria, Virginia. CPA Global Limited, LLC and CPA Global North America, LLC are collectively referred to herein as "defendants."

Plaintiff, the owner of a number of foreign patents, entered into a "Renewal Services Agreement" (the "Agreement") with defendants wherein defendants agreed to renew and maintain current plaintiff's foreign patents in exchange for fixed fees. The Agreement sets forth the applicable fee structure, which includes not only fixed fees per patent, but also "country charges," the charges ostensibly charged by foreign nations. Particularly pertinent here is paragraph 12 of the Agreement, which is entitled "Governing Law" and contains the parties' choice-of-law and forum-selection provisions:

> These conditions and any contract made under them shall be governed by and construed in accordance with the laws of the Commonwealth of Virginia, United States of America, with the understanding that any legal action taken regarding this Agreement shall be brought in a U.S. District Court located in the Commonwealth of Virginia.

This action, originally filed in the United States District Court for the Northern District of California, alleges three claims: (1) breach of contract, (2) unjust enrichment, and (3) a violation of California's Business and Professions Code § 17200, which prohibits unfair or fraudulent business practices. Specifically, plaintiff's breach-of-contract claim alleges that defendants (i) overcharged plaintiff for the patent renewal services, (ii) invoiced plaintiff in an "opaque" manner, and (iii) concealed certain types of fees. *Run Them Sweet, LLC v. CPA Glob. Ltd.*, 1:16-cv-1347 (E.D. Va. June 29, 2016) (Complaint at ¶ 57). Plaintiff's unjust enrichment claim

similarly alleges that defendants' alleged overcharging unjustly enriched defendants. Likewise, plaintiff's California tort claim alleges that defendants' overcharging, opaque invoices, and concealment of fees were unfair and fraudulent business practices. Also noteworthy is that plaintiff seeks to bring those claims on behalf of a proposed class of all persons or entities who have entered into an Agreement with defendants.

Defendants filed a motion in the Northern District of California to transfer this case to the Eastern District of Virginia pursuant to 28 U.S.C. § 1404(a), arguing that the Agreement's forum-selection clause is valid and must be given effect. The district court in California agreed that the forum-selection clause is valid and thus granted the motion to transfer, rejecting plaintiff's argument that transferring the action to this district would contravene California public policy by precluding plaintiff from bringing the case as a class action.

Following transfer, defendants filed the instant partial motion to dismiss pursuant to Rule 12(b)(6), Fed. R. Civ. P., contending that the Agreement's choice-of-law provision is valid and that Virginia law governs all three claims asserted in the complaint. Accordingly, defendants argue that plaintiff's California tort claim must be dismissed because California law does not govern this action, and that plaintiff's unjust enrichment claim must also be dismissed because Virginia law precludes such a claim where, as here, the parties have an express contract. Plaintiff, for its part, contends that the choice-of-law provision governs only its breach-of-contract claim, and hence does not apply to plaintiff's California tort or unjust enrichment claims, both of which, according to plaintiff, sound in tort. In the alternative, plaintiff requests leave to amend its complaint to add additional claims under Virginia law.

## II.

To begin with, the parties correctly agree on the threshold question, namely whether the parties' contractual forum-selection and choice-of-law provisions displace the rule of *Van Dusen v. Barrack* requiring a transferee forum to apply the law of the transferor forum. 376 U.S. 612, 639 (1964). As the parties properly recognize, the parties' valid forum-selection clause displaces the *Van Dusen* rule and requires application of the law of the contractually-selected transferee forum.[1] Of course, a contrary rule would allow a contracting party to frustrate contractual forum-selection and choice-of-law provisions by the simple ploy of filing suit in an inappropriate forum, hoping, that when the action is ultimately transferred, to gain an advantage by the operation of the *Van Dusen* rule. *See Freedman v. Am. Online, Inc.*, 325 F. Supp. 2d 638, 652 (E.D. Va. 2004). Given that the *Van Dusen* rule does not apply, Virginia law governs the validity and scope of the Agreement's choice-of-law provision. In this respect, it is clear that "Virginia law looks favorably upon choice-of-law clauses in a contract, giving them full effect except in unusual circumstances." *Hitachi Credit Am. Corp. v. Signet Bank*, 166 F.3d 614, 624 (4th Cir. 1999) (citing *Tate v. Hain*, 181 Va. 402, 410 (1943)). As no such circumstances exist here,[2] the Agreement's choice-of-law provision is valid and enforceable.

---

[1] *See Atl. Marine Const. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 134 S. Ct. 568, 582 (2013) ("[W]hen a party bound by a [valid] forum-selection clause flouts its contractual obligation and files suit in a different forum, a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules."); *Freedman v. Am. Online, Inc.*, 325 F. Supp. 2d 638, 651–52 (E.D. Va. 2004).

[2] Even were plaintiff to dispute the validity of the choice-of-law provision, that argument would fail. Unusual circumstances exist where there is "no reasonable basis" for the choice-of-law provision, or where a party agreed to the provision due to improper means such as fraud or misrepresentation. *See Wellmore Coal Corp. v. Gates Learjet Corp.*, 475 F. Supp. 1140, 1144 &

4

The next question — the central question presented by this dispute — is the scope of the contractual choice-of-law provision, namely whether the provision applies Virginia law only to the breach-of-contract claim, or whether the provision also extends the application of Virginia law to plaintiff's California tort and unjust enrichment claims, which are related to the alleged breach of contract. Analysis of this question properly begins by focusing on the language the parties used in the provision, as the Supreme Court of Virginia has taught that "the true test for the determination of the proper law of a contract is the intent of the parties." *Tate*, 181 Va. at 410. And, because contracting parties express their intention "in the words they have used," courts must examine those words to ascertain the parties' intent. *W.F. Magann Corp. v. Virginia-Carolina Elec. Works, Inc.*, 203 Va. 259, 264 (1962).

The terms of the choice-of-law provision make clear that the parties intended that the provision apply broadly. Several reasons support this conclusion. To begin with, the provision states that the Agreement's conditions shall be "governed by and construed in accordance with" Virginia law. The two terms — governed and construed — are not congruently symmetrical; "governed" is broader than "construed." The word "construe" means "[t]o analyze and explain the meaning of." *Construe*, Black's Law Dictionary (10th ed. 2014). In contrast, one court has stated that the "phrase 'governed by'" in a choice-of-law provision "is a broad one signifying a relationship of absolute direction, control, and restraint," which "reflects the parties' clear

---

n.3 (W.D. Va. 1979) (citing *Tate*, 181 Va. at 411 and Restatement (Second) of Conflict of Laws § 187 (1971)). Here, there is a "reasonable basis" for the selection of Virginia law because defendants' American headquarters is located in Alexandria, Virginia. *See Zaklit v. Glob. Linguist Sols. LLC*, No. 1:14-cv-314, 2014 WL 3109804, at *8 (E.D. Va. July 8, 2014). And plaintiff makes no argument that the choice-of-law provision itself is fraudulent. *See id.* (concluding that plaintiffs failed to show that a choice-of-law provision was invalid because their general "assertions of overreaching and duress relate[d] only to the circumstances under which they purportedly signed their employment contracts as a whole and not the specific choice-of-law provision").

contemplation that 'the agreement' is to be completely and absolutely controlled by" the chosen law. *Nedlloyd Lines B.V. v. Super. Ct. of San Mateo Cty.*, 3 Cal. 4th 459, 469 (1992). Importantly, both words must be given full effect. *See TM Delmarva Power, L.L.C. v. NCP of Va., L.L.C.*, 263 Va. 116, 119 (2002) ("[N]o word or clause in a contract will be treated as meaningless if a reasonable meaning can be given to it, and parties are presumed not to have included needless words in the contract."). Had the parties used only the word "construed," that would indicate that the parties agreed to a narrower choice-of-law provision covering only contract claims.[3] *See Caton v. Leach Corp.*, 896 F.2d 939, 943 & n.3 (5th Cir. 1990) (concluding that a choice-of-law provision applying California law to "construe" the contract was a "narrow" provision).[4] Because the parties used both words, and both words must be given meaning, it is clear that the parties intended the provision to cover contract-related tort and unjust enrichment claims. Finally, the fact that the choice-of-law provision is contained in a distinct paragraph titled "Governing Law," which also includes the forum-selection clause designating a Virginia federal district court as the proper forum, "counsel[s] in favor of a broad interpretation" because that combination "manifests the intent to reduce uncertainty and proceed in one forum under one body of law." *Zaklit v. Glob. Linguist Sols., LLC*, No. 1:14-cv-314, 2014 WL

---

[3] Plaintiff points to *LTD Management Co., LLC v. Holiday Hospitality Franchising, Inc.*, in which the court concluded that a choice-of-law provision stating that the parties' contract "shall be governed and construed . . . in accordance with the laws and decisions . . . of the State of Georgia" was a "narrow" provision that did not "encompass contract-related tort claims such as the [p]laintiffs' claim for fraud." No. 2:07cv530, 2008 WL 7281926, at *10 (E.D. Va. Mar. 11, 2008). This decision is unpersuasive as it is unsupported by analysis or citation to authority.

[4] *See also Moses v. Bus. Card Express, Inc.*, 929 F.2d 1131, 1139–40 (6th Cir. 1991) ("If the [choice-of-law provision] provided merely that its construction would be governed by the law of Michigan, the plaintiffs would have support for their argument that it does not apply more generally.").

6

3109804, at *11 (E.D. Va. July 8, 2014).[5] In sum, the text of the choice-of-law provision points persuasively to the conclusion that the parties intended that Virginia law apply to tort and unjust enrichment claims related to the Agreement. *See Freedman*, 325 F. Supp. 2d at 641, 653–54 (holding that a choice-of-law provision providing that Virginia law would "govern" the parties' agreement clearly foreclosed plaintiff from bringing a tort claim that arose from the plaintiff's rights under the agreement).[6]

This conclusion finds further firm support in the very close factual relationship between plaintiff's breach-of-contract, California tort, and unjust enrichment claims. Indeed, plaintiff's California tort and unjust enrichment claims are based on precisely the same facts as those on which the breach-of-contract claim is based. Plaintiff's breach-of-contract claim is based on allegations that defendants overcharged plaintiff for services, invoiced plaintiff in an "opaque" manner, and concealed certain types of fees. Likewise, plaintiff's California statutory tort claim

---

[5] Plaintiff cites an Eighth Circuit case in which the court concluded that a choice-of-law provision similar to the one at issue in this case was "narrow" and did not cover a contract-related fraud claim. *Inacom Corp. v. Sears, Roebuck & Co.*, 254 F.3d 683, 687 (8th Cir. 2001). This decision is neither controlling nor persuasive. Significantly, the Eighth Circuit reached precisely the opposite conclusion in a case involving a choice-of-law provision that, like the one in this case, used the phrase "governed by and interpreted in accordance" with Minnesota law. *Nw. Airlines, Inc. v. Astraea Aviation Servs., Inc.*, 111 F.3d 1386, 1392 (8th Cir. 1997). In that case, the court concluded that a party's claims for "negligent performance, misrepresentation, deceptive trade practices, and unjust enrichment" stemmed from the opposing party's failure to adhere to their contracts, and as a result the "claims [were] closely related to the interpretation of the contracts and [fell] within the ambit of the express agreement that the contracts would be governed by Minnesota law." *Id.*

[6] Plaintiff argues that the *Freedman* choice-of-law provision is broader than the one in this case because the *Freedman* provision also stated that Virginia law governed plaintiff's "membership" in defendant America Online, Inc's internet service. *Freedman*, 325 F. Supp. 2d at 640–41. That argument misreads *Freedman*. A fair and proper reading of the opinion clearly shows that the fact that plaintiff's tort claim arose from the agreement was sufficient to warrant the conclusion that Virginia law governed the tort claim. The brief discussion indicating that the same result would obtain under the "membership" prong of the choice-of-law provision was an alternative basis for reaching the same conclusion. *Id.* at 653–54.

rests on the same alleged facts: overcharging plaintiff, invoicing plaintiff in an "opaque" manner, and concealing certain types of fees. Finally, plaintiff's unjust enrichment claim is based on the allegation that defendants were unjustly enriched because they overcharged plaintiff. In short, plaintiff's breach-of-contract, California tort, and unjust enrichment claims are more than closely related; they are identical. In these circumstances, courts have had no difficulty concluding that such closely related claims are governed by the law selected in the parties' contractual choice-of-law provision. *See Hitachi*, 166 F.3d at 628 (concluding that plaintiff's tort claim was covered by the contract's choice-of-law provision because of the provision's language and the tort claim's "close relationship" to plaintiff's breach-of-contract claim).[7] To hold otherwise would not only defy common sense, but lead to the anomalous result of applying Virginia law to the breach-of-contract claim and California law to the essentially identical tort and unjust enrichment claims, a result the parties surely did not intend. *See Pyott-Boone Elecs. Inc. v. IRR Trust for Donald L. Fetterolf Dated Dec. 9, 1997*, 918 F. Supp. 2d 532, 544 (E.D. Va. 2013) ("To layer the tort law of one state on the contract law of another state compounds . . . complexity and makes the outcome of disputes less predictable, the type of eventuality that a sound commercial law should not seek to promote.") (quoting *Abry Partners V, L.P. v. F & W Acquisition LLC*, 891 A.2d 1032, 1048 (Del. Ch. 2006)).

---

[7] Plaintiff attempts to distinguish *Hitachi* by arguing that the choice-of-law provision in that case, which provided that Virginia law governed "the rights and obligations of the parties . . . including all matters of construction, validity, and performance," is broader than the one at issue in this case. *Hitachi*, 166 F.3d at 624. That argument is unpersuasive because nothing in *Hitachi* indicates that a choice-of-law provision must use that exact language for the contractually-selected law to apply to contract-related tort claims. Furthermore, the *Hitachi* court cited approvingly a Sixth Circuit decision in which the court concluded that a choice-of-law provision with language similar to the one at issue here applied to contract-related tort claims. *See id.* at 628 (citing *Moses*, 929 F.2d at 1139).

8

Because the choice-of-law provision applies to plaintiff's California tort and unjust enrichment claims, both claims must be dismissed. As for the California tort claim, in *Freedman* the plaintiff brought a similar statutory claim under the Connecticut Unfair Trade Practices Act, even though the parties' choice-of-law provision selected Virginia law to govern their agreement. *Freedman*, 325 F. Supp. 2d at 641, 654. Because plaintiff's Connecticut claim effectively "assert[ed] his 'rights' under the" agreement, the claim "effectively put . . . the [a]greement at issue" and therefore Virginia law governed that claim. *Id.* at 654. Plaintiff's California tort claim in this case also clearly challenges the Agreement's conditions, particularly its fee structure, which means that Virginia law governs this claim and, as a result, plaintiff cannot state a claim under California statutory law. *See id.*

Seeking to avoid this result, plaintiff points to a First Circuit decision in which the court concluded that a choice-of-law provision selecting Massachusetts law did not preclude the plaintiff from pursuing a Georgia statutory remedy that required payment of certain sales commissions after the termination of the parties' contract. *Vertex Surgical, Inc. v. Paradigm Biodevices, Inc.*, 390 F. App'x 1, 1 (1st Cir. 2010) (Souter, J.). That case is inapposite. The parties' choice-of-law provision in *Vertex Surgical* applied only to the "terms" of the contract, whereas the contract's forum-selection clause applied to any dispute "in any way relating to, arising under, connecting with, or incident to" the contract. *Id.* at 2. In light of the forum-selection clause's more expansive language, the court concluded that the parties intended that the choice-of-law provision cover only the terms of the contract. *Id.* at 2–3. The forum-selection and choice-of-law provisions in this case do not resemble the ones in *Vertex Surgical*. Moreover, that case involved a statutory post-termination remedy; here, plaintiff's California tort claim relates directly to the terms of the Agreement. For those reasons, plaintiff's reliance on

9

*Sanchez v. Lasership, Inc.*, which involved forum-selection and choice-of-law provisions similar to those at issue in *Vertex Surgical*, is also unavailing. *See* No. 1:12-cv-246, 2012 WL 3730636, at *5–6 (E.D. Va. Aug. 27, 2012).

Plaintiff further argues that even if Virginia law applies to its California tort claim, this claim should not be dismissed because doing so would violate California's public policy. That argument simply rehashes the failed argument plaintiff made before the transferor court as to why the Agreement's forum-selection clause is invalid. It fails here as well because there is no indication that dismissing plaintiff's California tort claim violates California public policy. *See Cont'l Airlines, Inc. v. Mundo Travel Corp.*, 412 F. Supp. 2d 1059, 1065, 1070 (E.D. Cal. 2006) ("A valid choice-of-law provision selecting another state's law is grounds to dismiss a claim under California's [unfair business practices statute].").

Plaintiff's unjust enrichment claim suffers the same fate as the California tort claim. Although plaintiff asserts that an unjust enrichment claim sounds in tort, under Virginia law an unjust enrichment claim is in fact based on a quasi-contractual theory that is premised on the lack of a contract between the parties. *See Dr. William E.S. Flory Small Bus. Dev. Ctr., Inc. v. Commonwealth*, 261 Va. 230, 235–37 (2001) ("[Q]uasi-contractual doctrines are premised on the *absence* of a valid contract."). Accordingly, Virginia law holds that where, as here, a contract exists, there can be no recovery for unjust enrichment. *See Kern v. Freed Co., Inc.*, 224 Va. 678, 679–81 (1983). As a result, plaintiff's unjust enrichment claim must be dismissed because the parties unquestionably have an express contract (the Agreement). *See id.*

Plaintiff's final argument is that it should be given leave to amend its complaint so that it can plead additional claims under Virginia law. Rule 15(a), Fed. R. Civ. P., allows a plaintiff to amend its complaint after defendants have filed a responsive pleading only by leave of the Court

or with defendants' written consent. *See Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006). Leave to amend should be freely given, and denied only "when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would [be] futile." *Id.* (internal quotation marks omitted). In the circumstances, it is appropriate to give plaintiff an opportunity to amend its complaint as argued in plaintiff's opposition brief to defendants' motion and in oral argument.

### III.

For the foregoing reasons, defendants' motion to dismiss plaintiff's California tort claim and unjust enrichment claim must be granted. Plaintiff may file a motion to amend its complaint.

An appropriate Order has issued.

Alexandria, Virginia
December 14, 2016

/s/
_____
T. S. Ellis, III
United States District Judge