# EXHIBIT "A"

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**

RUN THEM SWEET LLC, individually and on
behalf of those similarly situated,

        Plaintiff

vs.

CPA GLOBAL LIMITED and CPA GLOBAL
NORTH AMERICA LLC,

        Defendants.

Case No. 1:16-cv-01347-TSE-TCB

CLASS ACTION

## CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

This class action settlement agreement and release (the "Agreement" or "Settlement Agreement") is entered into, by and among Run Them Sweet LLC ("RTS" or "Plaintiff"), individually and on behalf of the class it seeks to represent (the "Settlement Class" defined below), and CPA Global Limited and CPA Global North America LLC (collectively, "CPA Global," and together with Plaintiff, the "Parties"). This Settlement Agreement is intended by the Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims (defined below) upon and subject to the terms and conditions of the Agreement, and subject to the final approval of the Court.

### RECITALS

A.  On June 29, 2016, RTS filed a putative class action complaint against CPA Global in the United States District Court for the Northern District of California, captioned *Run Them Sweet LLC v. CPA Global Limited and CPA Global North America LLC*, No. 3:16-cv-03662 (N.D. Cal.). On October 25, 2016, the case was transferred to the United States District

Court for the Eastern District of Virginia, with case number 1:16-cv-01347-TSE-TCB (the "Action"). Plaintiff asserted claims for breach of contract, unjust enrichment, and violation of California's Unfair Competition Law, alleging that CPA Global overcharged certain clients with respect to foreign patent renewal services that CPA Global performed under its contracts with clients.

B.      On December 9, 2016, the Court granted CPA Global's motion to dismiss the unjust enrichment and California Unfair Competition Law claims.

C.      On January 13, 2017, RTS filed an amended putative class action complaint against CPA Global, adding claims for fraud by concealment, breach of the implied covenant and good faith and fair dealing, unjust enrichment, false advertising in violation of Virginia Code § 18.2-216, and injunctive relief. CPA Global moved to dismiss these claims on January 23, 2017.

D.      On January 24, 2017, the Parties participated in a one-day mediation with Randall Wulff, Esq. With Mr. Wulff's assistance, the Parties reached an agreement on key terms of a proposed class settlement that were later memorialized in this Agreement.

E.      At the time the Agreement was reached, the Parties had engaged in contentious motion practice and substantial discovery efforts, including numerous sets of written discovery and the production of thousands of pages of documents in advance of the parties' mediation.

F.      CPA Global at all times has denied and continues to deny any wrongdoing whatsoever and has maintained and continues to maintain that it has not committed any wrongful act or violation of law. In addition, CPA Global maintains that it has strong, meritorious defenses to the claims alleged in the Action and that it was prepared to vigorously defend all aspects of the Action. Nonetheless, CPA Global has agreed to enter into this Agreement to avoid the further expense, inconvenience, and distraction of burdensome litigation, and has determined

that it is desirable and beneficial to fully and finally settle and terminate the Action in the manner and upon the terms and conditions set forth in this Agreement.

G.    Plaintiff believes that the claims asserted in the Action have merit. Nonetheless, Plaintiff and Plaintiff's counsel recognize and acknowledge the expense, time, and risk associated with continued prosecution of the Action against CPA Global through dispositive motions, class certification, trial, and any subsequent appeals. Plaintiff and Plaintiff's counsel also have taken into account the uncertainty, difficulties, and delays inherent in litigation, especially in complex actions.   Therefore, Plaintiff and Plaintiff's counsel believe that it is desirable that the Released Claims be fully and finally compromised, settled, dismissed with prejudice, and barred pursuant to the terms set forth herein. Based on their evaluation, which they have confirmed by consulting with their own expert and by performing discovery, Plaintiff and Plaintiff's counsel have concluded that the terms and conditions of this Agreement are fair, reasonable, and adequate for the Settlement Class, and that it is in the best interests of the Settlement Class to settle the Released Claims pursuant to the terms and provisions of this Agreement.

H.    The Parties agree that the Action was resolved in good faith, following arm's-length bargaining presided over by a neutral mediator.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the Parties, by and through their respective counsel, subject to preliminary and final approval by the Court after a hearing or hearings as provided for in this Settlement Agreement, and in consideration of the benefits flowing from the Settlement Agreement set forth herein, that the Action and the Released Claims shall be finally and fully compromised, settled, and released,

and the Action shall be dismissed with prejudice, upon and subject to the terms and conditions of this Agreement.

## AGREEMENT

1.   **DEFINITIONS**

As used in this Settlement Agreement, the following terms have the meanings specified below:

1.1   **"Class Counsel"** means:

> Ethan Brown
> Geoffrey Neri
> Rowennakete Paul Barnes
> Brown Neri Smith & Khan LLP
> 11766 Wilshire Boulevard, Suite 1670
> Los Angeles, CA 90025
>
> Adam R. Gonnelli
> The Sultzer Law Group
> 85 Civic Center Plaza, Suite 104
> Poughkeepsie, NY 12601
>
> Barbara Ann Rohr
> Faruqi & Faruqi, LLP
> 10866 Wilshire Boulevard, Suite 1470
> Los Angeles, CA 90024

1.2   **"Class Period"** means the period between January 1, 2012, and December 31, 2016.

1.3   **"Class Representative"** means Run Them Sweet LLC.

1.4   **"Court"** means the United States District Court for the Eastern District of Virginia.

1.5   **CPA Global Released Parties"** means CPA Global Limited and CPA Global North America LLC, each, any and all of their respective past, present, and future heirs,

- 4 -

executors, estates, administrators, predecessors, successors, assigns, parent companies, subsidiaries, divisions, joint ventures, entities in which CPA Global has a controlling interest, holding companies, employers, employees, agents, consultants, marketing partners, independent contractors, insurers, reinsurers, directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, investors, investment bankers, underwriters, shareholders, lenders, auditors, legal representatives, successors in interest, affiliates, firms, trusts, and corporations; and each and all of the past, present, and future officers, directors, partners, members, principals, insurers, reinsurers, advisors, insureds, representatives, employees, agents, shareholders, attorneys, servants, successors, executors, and assigns of any of the foregoing Persons.

    1.6    **"CPA Global's Counsel"** means:

> Penelope A. Preovolos
> Grant C. Schrader
> Morrison & Foerster LLP
> 425 Market St.
> San Francisco, CA 94105
> (415) 268-7000
> ppreovolos@mofo.com
> gschrader@mofo.com
>
> Demme Doufekias
> Morrison & Foerster LLP
> 2000 Pennsylvania Avenue, NW, Suite 6000
> Washington, DC 20006-1888
> (202) 887-1500
> ddoufekias@mofo.com

    1.7    **"Effective Date"** means the date one (1) business day after which all of the events and conditions specified in Paragraph 9.1 have occurred and have been met.

    1.8    **"Fee Award"** means the amount of attorneys' fees and reimbursement of expenses awarded by the Court to Class Counsel, which will be paid out of the Settlement Fund.

1.9 **"Final"** means one (1) business day following the later of the following events: (i) the date upon which the time expires for filing or noticing any appeal of the Court's Final Approval Order and Final Judgment; or (ii) if there is an appeal or appeals, other than an appeal or appeals solely with respect to the Fee Award, the date of final dismissal or completion—in a manner that finally affirms and leaves in place the Final Approval Order and Final Judgment without any material modification—of all proceedings arising out of the appeal or appeals (including, but not limited to, the expiration of all deadlines for motions for reconsideration or petitions for review and/or *certiorari*, all proceedings ordered on remand, and all proceedings arising out of any subsequent appeal or appeals following decisions on remand).

1.10 **"Final Approval Hearing"** means the hearing before the Court where the Parties will request that the Court enter the Final Approval Order and Final Judgment.

1.11 **"Final Approval Order"** means a document substantially in the form of Exhibit 3, to be entered by the Court following the Final Approval Hearing.

1.12 **"Final Judgment"** means a document substantially in the form of Exhibit 4, to be entered by the Court following the Final Approval Hearing.

1.13 **"Mediator"** means Randall Wulff, Esq.

1.14 **"Notice"** means the notice of this Settlement Agreement and Final Approval Hearing, which is to be provided to the Settlement Class members in accordance with this Agreement and substantially in the form of Exhibit 1 hereto.

1.15 **"Notice Plan"** means the plan, as set forth in Paragraph 4.2 and as executed and administered by the Settlement Administrator, for disseminating notice to members of the Settlement Class of the Settlement Agreement and of the Final Approval Hearing.

1.16    **"Objection/Exclusion Deadline"** means the date by which a written objection to this Settlement Agreement, or a request for exclusion submitted by a Person within the Settlement Class, must be postmarked, which shall be no fewer than forty-five (45) days after the Settlement Administrator transmits the Notice, or such other date as ordered by the Court, which deadline shall be posted to the Settlement Website listed in Paragraph 4.2(c).

1.17    **"Person"** shall mean, without limitation, any individual, corporation, partnership, limited partnership, limited liability company, association, joint stock company, estate, legal representative, trust, unincorporated association, any business or legal entity, and the spouses, heirs, predecessors, successors, representatives, or assigns of any of the foregoing.

1.18    **"Preliminary Approval Order"** means the document substantially in the form of Exhibit 2, to be entered by the Court for purposes of preliminarily approving the Settlement Agreement, certifying the Settlement Class solely for settlement purposes, and approving the form of the Notice and the Notice Plan.

1.19    **"Released Claims"** means any and all actual, potential, filed, known or unknown (including Unknown Claims, as defined below), fixed or contingent, claimed or unclaimed, asserted or unasserted, suspected or unsuspected, material or immaterial, matured or unmatured, anticipated or unanticipated, hidden or concealed, disclosed or undisclosed, accrued or unaccrued, direct or indirect, individual or representative, claims, counterclaims, suits, debts, controversies, promises, losses, sums of money, covenants, assertions, allegations, contentions, actions, demands, liabilities, rights, causes or rights of action, contracts or agreements, extra-contractual claims, damages, punitive, exemplary, or multiplied damages, expenses, costs, attorneys' fees and or obligations of any kind or nature whatsoever, whether in law or in equity, based on federal law, state law, municipal law, statutory or common law, territorial law, foreign

law, contract, regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), or any other law, rule, or regulation, against the CPA Global Released Parties, or any of them, arising out of or relating in any way to the claims and/or allegations asserted in the Action. This includes, but is not limited to, any claims related to fees and/or billing under patent renewal contracts CPA Global maintains or has in the past maintained with Settlement Class Members. For avoidance of doubt, the Released Claims include any and all claims that were brought or could have been brought in the Action. However, this release shall not extend to any year in the Class Period in which a Settlement Class Member had more than 20 foreign patent renewals and for which the Settlement Class Member is not receiving payment under this Settlement.

1.20 **"Releasing Parties"** means: (a) RTS and all of its present, former, and future predecessors, successors, assigns, parents, subsidiaries, joint ventures, and affiliates, and all employees, agents, representatives, consultants, independent contractors, insurers, directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, investors, investment bankers, underwriters, shareholders, lenders, and auditors of any of the foregoing Persons; (b) Settlement Class Members who do not timely opt out of the Settlement Class; (c) to the extent that a Settlement Class Member is not an individual, all of its present, former, and future predecessors, successors, assigns, parents, subsidiaries, joint ventures, and affiliates, and all employees, agents, representatives, consultants, independent contractors, insurers, directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, investors, investment bankers, underwriters, shareholders, lenders, and auditors of any of the foregoing Persons; and (d) to the extent the Settlement Class Member is an individual, any present, former, and future spouses, as well as the present, former, and future heirs, executors, estates, administrators, representatives, agents, attorneys, partners, successors,

predecessors, and assigns of each of them, and any other representatives of any of the foregoing Persons.

1.21 **"Settlement"** means the settlement contemplated by this Agreement.

1.22 **"Settlement Administration Expenses"** means the expenses incurred by the Settlement Administrator in providing Notice and mailing checks to Settlement Class Members. Settlement Administration Expenses shall be paid from the Settlement Fund.

1.23 **"Settlement Administrator"** means Kurtzman Carson Consultants.

1.24 **"Settlement Class"** means all former and current CPA Global patent holder clients located in the United States that: (i) were introduced to CPA Global by an introducer agent; (ii) within any calendar year in the Class Period had 20 or fewer foreign (non-U.S.) patent renewals performed by CPA Global; and (iii) did not, within any calendar year in the Class Period, have more than 40 foreign patent renewals performed by CPA Global.

1.25 **"Settlement Class Member"** means a Person who falls within the definition of the Settlement Class and who has not submitted a valid request for exclusion.

1.26 **"Settlement Class Recovery"** means the amount of the Settlement Fund available for distribution to the Settlement Class, after payment of Settlement Administration Expenses, the Fee Award to Class Counsel, and any approved service award to the Class Representative.

1.27 **"Settlement Fund"** means the Five Million and Six Hundred Thousand Dollars ($5,600,000) that CPA Global has agreed to pay pursuant to the terms of this Settlement Agreement.

1.28   **"Settlement Website"** means the website to be created by the Settlement Administrator containing information about the Settlement, including this Agreement and the Notice.

1.29   **"Unknown Claims"** means claims that could have been raised in the Action and that Plaintiff or the Releasing Parties, or any of them, do not know or suspect to exist, which, if known by him, her or it, might affect his, her or its agreement to release the CPA Global Released Parties or the Released Claims, or might affect his, her or its decision to agree, object or not to object to the Settlement. Upon the Effective Date, Plaintiff and the Releasing Parties understand and acknowledge that they shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of § 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE
> CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR
> AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR
> HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH
> THE DEBTOR.

Upon the Effective Date, Plaintiff and the Releasing Parties understand and acknowledge that they shall be deemed to have, and shall have, waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable or equivalent to § 1542 of the California Civil Code. Plaintiff and the Releasing Parties understand and acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of this release, but that it is

their intention to finally and forever settle and release the Released Claims, notwithstanding any Unknown Claims they may have, as that term is defined in this section. The Parties acknowledge that the foregoing waiver is a key element of the Settlement of which this release is a part.

2.   **SETTLEMENT RELIEF**

2.1   **Settlement Fund.** CPA Global agrees to provide a Settlement Fund in the amount of Five Million and Six Hundred Thousand Dollars ($5,600,000) for the purpose of making payments to Settlement Class Members under this Agreement, all Settlement Administration Expenses, any service award to the Class Representative, and any Fee Award to Class Counsel. The Settlement Fund represents the limit and total extent of CPA Global's monetary obligations under this Agreement and the Settlement. In no event shall CPA Global's total financial liability with respect to this Agreement, the Released Claims, and the Settlement exceed Five Million and Six Hundred Thousand Dollars ($5,600,000). CPA Global will fund the Settlement Fund as follows: (a) within seven (7) business days of the entry of the Preliminary Approval Order (and receipt of wire instructions provided by the Settlement Administrator to CPA Global and an executed W-9), CPA Global will transfer One Hundred Fifty Thousand Dollars ($150,000) to the Settlement Administrator (via wire instructions provided by the Settlement Administrator to CPA Global) for the purpose of disseminating notice to the class in accordance with the Notice Plan; and (b) within fourteen (14) business days after the Effective Date, CPA Global will transfer the remaining Five Million and Four Hundred Fifty Thousand Dollars ($5,450,000) of the Settlement Fund to the Settlement Administrator. The Settlement Administrator will hold those amounts in escrow, until such time as the Settlement Administrator is authorized to use or

pay those funds pursuant to the Settlement Agreement, the Preliminary Approval Order, or the Final Approval Order and Final Judgment.

### 2.2   **Monetary Payments**

(a)   Within thirty (30) days after the Effective Date, or such other date as the Court may set, the Settlement Administrator shall pay Settlement Class Members a *pro rata* share of the Settlement Class Recovery. In order to determine each Settlement Class Member's *pro rata* share, the Settlement Administrator shall: (1) calculate each Settlement Class Member's total payments to CPA Global of fees at issue in the litigation for each year in which the Settlement Class Member had 20 or fewer foreign patent renewals ("Qualified Payments"); (2) determine the combined total of all Qualified Payments for all Settlement Class Members ("Qualified Payment Total"); (3) determine the percentage of the Qualified Payment Total that is represented by each Settlement Class Member's Qualified Payments ("Pro Rata Percentage"); and (4) apply each Settlement Class Member's Pro Rata Percentage to the Settlement Class Recovery to determine that Settlement Class Member's Pro Rata Fund Share.

(b)   The Settlement Administrator shall send each Settlement Class Member a payment equal to its *Pro Rata* Fund Share. Such payments shall be in the form of a check made payable to each Settlement Class Member, which shall be sent to the Settlement Class Members via UPS Ground.

(c)   All payments issued to Settlement Class Members via check will state on the face of the check that the check will expire and become null and void unless cashed within ninety (90) days after the date of issuance. To the extent that any checks to Settlement Class Members expire and become null and void, the Settlement Administrator shall distribute the funds associated with those checks on a *pro rata* basis to Settlement Class Members that cashed

their checks, if doing so is administratively and economically feasible (*i.e.*, those Settlement Class Members each would receive a second distribution of more than $5, after the costs of administration). Any remaining monies, including to the extent a second distribution is not administratively feasible, shall be distributed as a *cy pres* award to a non-profit organization called Iridescent.

2.3 **Prospective, Non-Monetary Relief.** CPA Global also agrees that future invoices for Settlement Class Members shall separately set forth the amount of the Official Fee, the Administration Fee, and the Country Charge for each patent renewal. The invoices shall also include a description of the components comprising each charge.

3. **RELEASES**

3.1 The Parties intend that this Settlement Agreement will fully and finally dispose of the Action and any and all Released Claims against the CPA Global Released Parties.

3.2 Upon the Effective Date, the Releasing Parties, and each of them, shall be deemed to have, and by operation of the Final Approval Order and Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the CPA Global Released Parties, and each of them.

3.3 On the Effective Date, the Releasing Parties, and each of them, will be forever barred and permanently enjoined from directly, indirectly, representatively, or in any other capacity, filing, commencing, prosecuting, continuing, litigating, intervening in, participating in as class members or otherwise, or receiving any benefits or other relief, from any lawsuit, any arbitration, or any administrative, regulatory, or other proceeding against any of the CPA Global Released Parties in any jurisdiction based on or relating in any way to the Released Claims, and the Releasing Parties, and each of them, shall be forever barred and permanently enjoined from

filing, commencing, or prosecuting any lawsuit individually or as a class action against any of the CPA Global Released Parties based on or relating in any way to the Released Claims on behalf of members of the Settlement Class who have not timely excluded themselves from the Settlement Class.

3.4   **Release of RTS.**   Upon the Effective Date, CPA Global will forever release RTS, its predecessors, successors, assigns, parent companies, subsidiaries, divisions, joint ventures, employees, agents, consultants, marketing partners, independent contractors, insurers, reinsurers, directors, officers, partners, principals, members and attorneys from all claims, duties, obligations, liabilities, causes of action, demands, damages of any kind, costs, penalties, claims for attorneys' fees, awards, contributions and indemnities, in law or in equity, of any kind or character, whether known or unknown, that CPA Global has or may have against RTS, as well as its predecessors, successors, assigns, parent companies, subsidiaries, divisions, joint ventures, employees, agents, consultants, marketing partners, independent contractors, insurers, reinsurers, directors, officers, partners, principals, members and attorneys, from the beginning of time until the Effective Date, arising out of or related to the filing of this Action and/or fees paid or due to be paid by RTS to CPA Global.

4.   **NOTICE TO THE CLASS**

4.1   Upon entry of the Preliminary Approval Order, the Settlement Administrator shall cause the Notice to be disseminated to potential Settlement Class Members. Such Notice shall comport with Rule 23 of the Federal Rules of Civil Procedure, and be effectuated pursuant to the Notice Plan, the costs of which shall be included within Settlement Administration Expenses, and which shall be paid from the Settlement Fund.

4.2     The Notice Plan, which was developed in consultation with the Settlement Administrator, is as follows:

(a)     *Direct Notice.* Within five (5) days after entry of the Preliminary Approval Order, CPA Global shall provide the Settlement Administrator with a list of potential Settlement Class Members and their last known address.  The Settlement Administrator shall obtain updates, if any, to the addresses contained therein using the National Change of Address database maintained by the United States Postal Service, and shall further take any necessary and appropriate steps to obtain contact information for Settlement Class Members that are not current CPA Global clients.  Subject to the approval of the Court, the Settlement Administrator shall send direct notice to potential Settlement Class Members within thirty (30) days after entry of the Preliminary Approval Order, substantially in the form provided in Exhibit 1, via the U.S. Postal Service.

(b)     *Settlement Website.* Within thirty (30) days after entry of the Preliminary Approval Order, Notice shall be provided on a website, which shall be administered by the Settlement Administrator. The Notice on the Settlement Website shall be substantially in the form of Exhibit 1 hereto.

4.3     Any Settlement Class member that intends to object to this Agreement must file with the Court a written statement that includes: the Settlement Class member's name; address; telephone number; all grounds for the objection, with any factual and legal support for each stated ground; the identity of any witnesses he or she may call to testify; copies of any exhibits that he or she intends to introduce into evidence at the Final Approval Hearing; and a statement of whether the Settlement Class member intends to appear at the Final Approval Hearing with or without counsel. Any Settlement Class member who fails to timely file a written objection with

the Court in accordance with the terms of this paragraph and as detailed in the Notice, and at the same time provide a copy of the objection to the Settlement Administrator, shall not be permitted to object to this Agreement at the Final Approval Hearing, and shall be foreclosed from seeking any review of this Agreement by appeal or other means, and shall be deemed to have waived his or her objections and be forever barred from making any such objections in the Action or any other action or proceeding. To be timely, the objection must be filed and sent to the Settlement Administrator on or before the Objection/Exclusion Deadline approved by the Court and specified in the Notice.

4.4    Any member of the Settlement Class may request to be excluded from the Settlement Class by sending a written request for exclusion to the Settlement Administrator postmarked on or before the Objection/Exclusion Deadline approved by the Court and specified in the Notice. In order to exercise the right to be excluded, a member of the Settlement Class must timely send a written request for exclusion to the Settlement Administrator providing his or her or its full name, address, and telephone number. Further, the written request for exclusion must include a statement that the member of the Settlement Class submitting the request wishes to be excluded from the Settlement, and include the personal signature of the member of the Settlement Class (or authorized representative thereof) submitting the request. A request to be excluded that does not include all of the foregoing information, or that is sent to an address other than that designated in the Notice, or that is not postmarked within the time specified, shall be invalid, and any Person serving such an invalid request shall be a Settlement Class Member and shall be bound as a Settlement Class Member by the Agreement, if approved. Any member of the Settlement Class who elects to be excluded shall not: (i) be bound by the Final Approval Order and Final Judgment; (ii) be entitled to relief under this Settlement Agreement; (iii) gain any

rights by virtue of this Agreement; or (iv) be entitled to object to any aspect of this Agreement. So-called "mass" or "class" opt-outs shall not be allowed.

5.   **SETTLEMENT ADMINISTRATION**

5.1   The Settlement Administrator shall, under the supervision of the Court, administer the relief provided by this Settlement Agreement in a rational, responsive, cost-effective, and timely manner.  The Settlement Administrator shall maintain reasonably detailed records of its activities under this Agreement. The Settlement Administrator shall maintain all such records as are required by applicable law in accordance with its normal business practices, and such records will be made available to Class Counsel and CPA Global's Counsel upon request. The Settlement Administrator shall provide reports and other information to the Court as the Court may require. Should the Court request, Class Counsel shall submit a report to the Court summarizing the work performed by the Settlement Administrator, including a report of all amounts from the Settlement Fund paid to Settlement Class Members. Without limiting the foregoing, the Settlement Administrator shall:

(a)   Receive objections, exclusion forms, and other requests from members of the Settlement Class to exclude themselves from the Settlement, and promptly provide to Class Counsel and CPA Global's Counsel copies thereof. If the Settlement Administrator receives any objections, exclusion forms, or other requests from members of the Settlement Class after the deadline for the submission of such forms and requests, the Settlement Administrator shall promptly provide copies thereof to Class Counsel and CPA Global's Counsel;

(b)   Prepare and serve notice of the proposed settlement that meets the requirements of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, on the appropriate federal and state officials no later than ten (10) days after the filing of this

Agreement with the Court ("CAFA Notice"). The costs associated with the CAFA Notice shall be included within the Settlement Administration Expenses.

5.2    In the exercise of its duties outlined in this Agreement, the Settlement Administrator shall have the right to reasonably request additional information from the Parties or any Settlement Class Member.

6.    **TERMINATION OF SETTLEMENT**

6.1    *Termination Notice.* Subject to Paragraphs 9.1-9.3 below, CPA Global, or the Class Representative, on behalf of the Settlement Class, shall have the right to terminate this Agreement by filing written notice of the election to do so ("Termination Notice") with the Court and serving that Termination Notice on all other Parties hereto within twenty (20) days of any of the following events: (i) the Court's refusal to enter a Preliminary Approval Order; (ii) the Court's refusal to enter a Final Approval Order and Final Judgment; (iii) the modification or reversal of the Final Approval Order and Final Judgment in any material respect by any court; or (iv) the modification or reversal of an Alternative Final Approval Order and Final Judgment, as defined in Paragraph 9.1(d), in any material respect by any court. In the event that this Agreement is terminated, any portion of the Settlement Fund that CPA Global has provided to the Settlement Administrator, but which has not been expended by the Settlement Administrator in accordance with this Agreement, shall be returned to CPA Global.

6.2    *Exclusion Requests.* If, prior to the Final Approval Hearing, the number of members of the Settlement Class who have timely requested exclusion from the Settlement Class in accordance with the provisions of the Preliminary Approval Order and the Notice given pursuant thereto exceeds 5% of the Settlement Class, CPA Global shall have, in its sole and absolute discretion, the option to terminate this Agreement. CPA Global may terminate the

Agreement by filing a Termination Notice with the Court and serving such Termination Notice on Class Counsel by hand delivery or overnight courier within ten (10) days after being informed in writing by the Settlement Administrator that more than 5% of the Settlement Class has timely submitted such requests for exclusion.

7.  **PRELIMINARY APPROVAL ORDER AND FINAL APPROVAL ORDER AND FINAL JUDGMENT.**

7.1     Promptly after the execution of this Agreement, Plaintiff's counsel shall submit this Agreement, together with its Exhibits, to the Court and shall move the Court for entry of the Preliminary Approval Order, which shall, among other things, certify the Settlement Class for settlement purposes only, appoint Plaintiff's counsel as Class Counsel and Plaintiff as the Class Representative, shall set a Final Approval Hearing date, and approve the Notice, substantially in the form of Exhibit 1 hereto, for dissemination in accordance with the Notice Plan. Such Preliminary Approval Order shall also authorize the Parties, without further approval by the Court, to agree to and adopt such amendments, modifications, and expansions of the Settlement Agreement and its implementing documents (including all exhibits to this Agreement), so long as they are consistent in all material respects with the terms of the Final Approval Order and Final Judgment set forth in Paragraph 7.4 below.

7.2     At the time of the submission of this Agreement to the Court as described above, Plaintiff and CPA Global shall request that, after Notice is disseminated to members of the Settlement Class in accordance with the Notice Plan, the Court hold a Final Approval Hearing and approve the Settlement as set forth herein. The Final Approval Hearing shall be no earlier than one hundred (100) days after entry of the Preliminary Approval Order, or such other time as the Court shall set.

7.3    After Notice is disseminated in accordance with the Notice Plan, the Parties shall request and seek to obtain from the Court a Final Approval Order and Final Judgment, which will (among other things):

(a)    find that the Court has personal jurisdiction over all Settlement Class Members and that the Court has subject-matter jurisdiction to approve the Agreement, including all exhibits hereto;

(b)    approve the Settlement Agreement and the proposed Settlement as fair, reasonable, and adequate as to, and in the best interests of, Settlement Class Members; direct the Parties and their counsel to implement and consummate the Agreement according to its terms and provisions; and declare the Agreement to be binding on, and have preclusive effect on all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiff and the Releasing Parties;

(c)    find that the Notice and the Notice Plan implemented pursuant to the Agreement (1) constitute the best practicable notice under the circumstances; (2) constitute notice that is reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Action, their right to object to or exclude themselves from the proposed Settlement, and to appear at the Final Approval Hearing; (3) are reasonable and constitute due, adequate, and sufficient notice to all Persons entitled to receive notice; and (4) meet all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and the rules of the Court;

(d)    find that the Class Representative and Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Settlement;

(e)     dismiss the Action (including all individual claims and Settlement Class Member claims asserted therein) on the merits and with prejudice, without fees or costs to any Party, except as provided in the Settlement Agreement;

(f)     incorporate the releases set forth above in Paragraphs 3.1-3.3, make those releases effective as of the date of the Final Approval Order and Final Judgment, and forever discharge the CPA Global Released Parties as set forth herein;

(g)     permanently bar and enjoin all Settlement Class Members from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in, any lawsuit or other action in any jurisdiction based on the Released Claims;

(h)     without affecting the finality of the Final Approval Order and Final Judgment for purposes of appeal, retain jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and the Final Approval Order and Final Judgment, and for any other necessary purpose; and

(i)     incorporate any other provisions, as the Court deems necessary and just.

8.     **CLASS COUNSEL'S FEE AWARD; SERVICE AWARD.**

8.1     Subject to the Court's approval, CPA Global has agreed that the Settlement Fund can be used to pay the Fee Award to Class Counsel. CPA Global agrees that it will not object to, or otherwise challenge, Class Counsel's application for attorneys' fees and costs of up to thirty-three percent (33%) of the Settlement Fund. Plaintiff's counsel has, in turn, agreed not to seek or accept more than this amount from the Court.

8.2     Plaintiff's counsel agrees that the Fee Award shall be paid solely out of the Settlement Fund and shall not increase CPA Global's total financial liability with respect to this Agreement.

8.3     In lieu of any payments on claims to which it may be entitled as a Settlement Class Member under the Settlement Agreement, and in recognition of its efforts on behalf of the Settlement Class, the Class Representative shall request a service award in the amount of Twenty Five Thousand Dollars ($25,000).  CPA Global agrees that it will not object to, or otherwise challenge, Class Counsel's application for such a service award if said application does not exceed such amount. This sum shall be paid in recognition of the Class Representative's time and effort serving as Class Representative.

8.4     The Parties agree that CPA Global's payment of any service award approved by the Court shall be paid solely out of the Settlement Fund and shall not increase CPA Global's total financial liability with respect to this Agreement.

9.     **CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION.**

9.1     The Effective Date of this Settlement Agreement shall not occur unless and until each of the following events has occurred and shall be the date upon which the last (in time) of the following events occurs:

(a)     This Agreement has been signed by Plaintiff's counsel and CPA Global;

(b)     The Court has entered the Preliminary Approval Order;

(c)     The Court has entered the Final Approval Order and Final Judgment, following Notice to the Settlement Class and a Final Approval Hearing, as provided in the Federal Rules of Civil Procedure, and has entered the Final Approval Order and Final Judgment, or a Final Approval Order and Final Judgment substantially consistent with this Agreement (the "Alternative Final Approval Order and Final Judgment"); and

(d)     The Final Approval Order and Final Judgment have become Final, as defined above, or, in the event that the Court enters an Alternative Final Approval Order and

Final Judgment and that has the consent of the Parties, such Alternative Final Approval Order and Final Judgment becomes Final.

9.2     If some or all of the conditions specified in Paragraph 9.1 are not met, or in the event that this Agreement is not approved by the Court, or the settlement set forth in this Agreement is terminated or fails to become effective in accordance with its terms, then this Settlement Agreement shall be canceled and terminated subject to Paragraph 6.1, unless Plaintiff's counsel and CPA Global's Counsel mutually agree in writing to proceed with this Agreement. If any Party is in material breach of the terms hereof, any other Party, provided that it is in substantial compliance with the terms of this Agreement, may terminate this Agreement upon serving a Termination Notice to all of the Parties (pursuant to Paragraph 6.1 above). Notwithstanding anything herein, the Parties agree that the Court's failure to approve, in whole or in part, the Fee Award to Class Counsel (set forth in Paragraph 8.1 above) or the Class Representative service award (set forth in Paragraph 8.3 above) shall not prevent the Agreement from becoming effective, nor shall it be grounds for termination.

9.3     If this Agreement is terminated or fails to become effective, the Parties shall be restored to their respective positions in the Action as of the date of the signing of this Agreement. In such event, any Final Approval Order and Final Judgment or other order entered by the Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*, and the Parties shall be returned to the *status quo ante* with respect to the Action as if this Agreement had never been entered into.

10.     **MISCELLANEOUS PROVISIONS**

10.1     The Parties (a) acknowledge that it is their intent to consummate this Settlement Agreement and (b) agree, subject to their fiduciary and other legal obligations, to cooperate to

the extent reasonably necessary to effectuate and implement all terms and conditions of this Agreement and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Agreement. Plaintiff's counsel and CPA Global agree to cooperate with one another in seeking Court approval of the Preliminary Approval Order, the Settlement Agreement, and the Final Approval Order and Final Judgment, and promptly to agree upon and execute all such other documentation as may be reasonably required to obtain final approval of the Agreement.

10.2    The Parties intend this Settlement Agreement to be a final and complete resolution of all disputes between them with respect to the Released Claims by Plaintiff and the Settlement Class, and each or any of them, on the one hand, against the CPA Global Released Parties, and each or any of the CPA Global Released Parties, on the other hand. Accordingly, the Parties agree not to assert in any forum that the Action was brought by Plaintiff or defended by CPA Global, or each or any of them, in bad faith or without a reasonable basis.

10.3    The Parties have relied upon the advice and representation of counsel, selected by them, concerning their respective legal liability for the claims hereby released. The Parties have read and understand fully the above and foregoing Agreement and have been fully advised as to the legal effect thereof by counsel of their own selection and intend to be legally bound by the same.

10.4    The Settlement and this Agreement represent a negotiated compromise, and regardless whether the Effective Date occurs or the Settlement Agreement is terminated, neither this Agreement nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of this Agreement or the Settlement:

(a)       is, may be deemed, or shall be used, offered or received against the CPA

Global Released Parties, or each or any of them, as an admission, concession, or evidence of the

validity of any Released Claims, the truth of any fact alleged by the Class Representative, the

deficiency of any defense that has been or could have been asserted in the Action, the violation

of any law or statute, the reasonableness of either the Settlement Fund or the Fee Award, or of

any alleged wrongdoing, liability, negligence, or fault of the CPA Global Released Parties, or

any of them;

(b)       is, may be deemed, or shall be used, offered, or received against the CPA

Global Released Parties, or each or any of them, as an admission, concession, or evidence of any

fault, misrepresentation or omission with respect to any statement or written document approved

or made by the CPA Global Released Parties, or any of them;

(c)       is, may be deemed, or shall be used, offered, or received against the CPA

Global Released Parties, or each or any of them, as an admission, concession, or evidence with

respect to any liability, negligence, fault, or wrongdoing as against any of the CPA Global

Released Parties, in any civil, criminal, or administrative proceeding in any court, administrative

agency, or other tribunal.  However, the Settlement, this Agreement, and any acts performed

and/or documents executed in furtherance of or pursuant to this Agreement and/or Settlement,

may be used in any proceedings as may be necessary to effectuate the provisions of this

Agreement. Further, if this Settlement Agreement is approved by the Court, any Party, or any of

the CPA Global Released Parties, may file this Agreement and/or the Final Approval Order and

Final Judgment in any action or proceeding that may be brought against such CPA Global

Released Parties in order to support a defense or counterclaim based on principles of *res*

*judicata*, collateral estoppel, release, good faith settlement, judgment bar, or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim;

(d)     is, may be deemed, or shall be construed against Plaintiff and members of the Settlement Class, or each or any of them, or against the CPA Global Released Parties, or each or any of them, as an admission, concession, or evidence that the consideration to be given hereunder represents an amount equal to, less than, or greater than that amount that could have or would have been recovered after trial; and

(e)     is, may be deemed, or shall be construed against Plaintiff and members of the Settlement Class, or each or any of them, or against the CPA Global Released Parties, or each or any of them, as an admission, concession, or evidence that any of Plaintiff's or the Settlement Class's claims are with or without merit or that damages recoverable in the Action would have exceeded or would have been less than any particular amount.

10.5    Unless the context of this Agreement requires otherwise, the plural includes the singular, the singular includes the plural, and "including" has the inclusive meaning of "including without limitation." The words "hereof," "herein," "hereby," "hereunder," and other similar terms of this Agreement refer to this Agreement as a whole and not exclusively to any particular provision of this Agreement. All pronouns and any variations thereof will be deemed to refer to masculine, feminine, or neuter, singular or plural, as the identity of the person or persons may require.

10.6    The headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

10.7    The waiver by one Party of any breach of this Agreement by any other Party shall not be deemed as a waiver of any other prior or subsequent breaches of this Agreement.

10.8    All of the Exhibits to this Settlement Agreement are material and integral parts thereof and are fully incorporated herein by this reference.

10.9    This Agreement and its Exhibits set forth the entire agreement and understanding of the Parties with respect to the matters set forth herein, and supersede all prior negotiations, agreements, arrangements and undertakings with respect to such matters. No representations, warranties or inducements have been made to any Party concerning this Settlement Agreement or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents. This Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

10.10    Except as otherwise provided herein, each Party shall bear its own costs and attorneys' fees.

10.11    Plaintiff represents and warrants that it has not assigned any claim or right or interest therein as against the CPA Global Released Parties to any other Person, and that they are fully entitled to release the same.

10.12    Each Party represents and warrants that (i) the Person executing this Agreement on behalf of the Party has full power and authority to execute and deliver this Agreement, and take appropriate action required or permitted to be taken pursuant to the Agreement to effectuate its terms, (ii) assuming the due authorization, execution, and delivery by the other Parties, this Agreement has been duly and validly executed and delivered by such Party, and (iii) this Agreement constitutes a legal, valid, and binding obligation of such Party, enforceable against such Party in accordance with its terms, subject to bankruptcy, insolvency, reorganization, or other similar laws or general application affecting the rights and remedies of creditors, and to general principles of equity.

10.13 Except as required by law or any other disclosure obligations, the Parties, Class Counsel, and CPA Global's Counsel shall decline to respond to media inquiries about this case and shall not issue any press releases or make any postings on social media about this case. However, Class Counsel may describe the Settlement on their firm websites. Notice of the Settlement will be delivered exclusively through the notice process set forth in Section 4 above.

10.14 This Agreement may be executed by the Parties in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. Facsimile signatures or scanned and e-mailed signatures shall be treated as original signatures and shall be binding.

10.15 This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors, personal representatives, and assigns of the Parties hereto, the Releasing Parties, and the CPA Global Released Parties.

10.16 The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Agreement, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement and this Agreement.

10.17 This Settlement Agreement shall be governed by and construed in accordance with the laws of the Commonwealth of Virginia.

10.18 This Agreement is deemed to have been prepared by counsel for all Parties, as a result of arm's-length negotiations among the Parties with the aid of a neutral mediator. Whereas all Parties have contributed substantially and materially to the preparation of this Agreement, it shall not be construed more strictly against one Party than another.

[THE REST OF THIS PAGE INTENTIONALLY LEFT BLANK. SIGNATURE PAGE FOLLOWS.]

IN WITNESS WHEREOF, the Parties hereto have caused this Settlement Agreement to be executed.

**For Plaintiff and the Settlement Class**:

_____  Date:  March 12, 2017
Authorized Representative
Run Them Sweet LLC
Class Representative


Michael Horning, Member Run Them Sweet, LLC.
Printed Name and Title

_____  Date:  March 12, 2017
Geoffrey Neri
Brown Neri Smith & Khan LLP
11766 Wilshire Boulevard, Suite 1670
Los Angeles, CA 90025


_____  Date:  Mar. 12 2017
Adam R. Gonnelli
The Sultzer Law Group
85 Civic Center Plaza, Suite 104
Poughkeepsie, NY 12601


_____  Date:  _____
Barbara Ann Rohr
Faruqi & Faruqi, LLP
10866 Wilshire Boulevard, Suite 1470
Los Angeles, CA 90024

IN WITNESS WHEREOF, the Parties hereto have caused this Settlement Agreement to be executed.

**For Plaintiff and the Settlement Class**:

_____ Date:  March 12, 2017
Authorized Representative
Run Them Sweet LLC
Class Representative

Michael Horning, Member Run Them Sweet, LLC.
Printed Name and Title

_____ Date:  March 12, 2017
Geoffrey Neri
Brown Neri Smith & Khan LLP
11766 Wilshire Boulevard, Suite 1670
Los Angeles, CA 90025

_____ Date: _____
Adam R. Gonnelli
The Sultzer Law Group
85 Civic Center Plaza, Suite 104
Poughkeepsie, NY 12601

_____ Date:  March 13, 2017
Barbara Ann Rohr
Faruqi & Faruqi, LLP
10866 Wilshire Boulevard, Suite 1470
Los Angeles, CA 90024

**For CPA Global Limited and CPA Global North America LLC:**

Date: 13 MARCH 2017

Authorized Representative
CPA Global Limited and CPA Global North America LLC

S. WEBSTER      CHIEF EXECUTIVE OFFICER
Printed Name and Title

Date: _____

Penelope A. Preovolos
Morrison & Foerster LLP
425 Market St.
San Francisco, CA 94105

sf-3736281

**For CPA Global Limited and CPA Global North America LLC:**

_____ Date: _____
Authorized Representative
CPA Global Limited and CPA Global North America LLC


_____
Printed Name and Title

_Penelope A. Preovolos_                          Date: 3/10/17
Penelope A. Preovolos
Morrison & Foerster LLP
425 Market St.
San Francisco, CA 94105

sf-3736281

# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**

| | |
|---|---|
| RUN THEM SWEET LLC, individually and on behalf of those similarly situated,<br><br>       Plaintiff<br><br>vs.<br><br>CPA GLOBAL LIMITED and CPA GLOBAL NORTH AMERICA LLC,<br><br>       Defendants. | Case No. 1:16-cv-01347-TSE-TCB<br><br>CLASS ACTION |

## NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION

**THIS NOTICE CONCERNS SETTLEMENT OF A LAWSUIT AGAINST**
**CPA GLOBAL ABOUT FOREIGN PATENT RENEWALS THAT**
**MAY ENTITLE YOU TO RECEIVE A PAYMENT**

This is a Notice of a proposed Settlement in a class action lawsuit captioned *Run Them Sweet LLC v. CPA Global Limited and CPA Global North America LLC*, No. 1:16-cv-01347-TSE-TCB, pending in the U.S. District Court for the Eastern District of Virginia ("the Lawsuit").

## WHY IS [NAME OF COMPANY] GETTING THIS NOTICE?

You are receiving this Notice because, according to CPA Global's records, you are a member of the proposed Settlement Class, as defined below.  You are not being sued.

## WHAT DO I NEED TO DO?

Your options are described more fully in the "Your Options" section below.  In summary:

1. If you do nothing, you will automatically receive a check for your settlement amount (see below) and you will give up your rights to sue CPA Global for the foreign patent renewals at issue.
2. You can "opt out" of the settlement.  You will not get any money from the case, but you will keep your rights to sue CPA Global with your own lawyers at your own expense if you wish to do that.
3. You can stay in the case but object to the settlement and tell the Court why you think the settlement should not be approved, or support the settlement and tell the Court why you think the settlement is fair and should go forward.

**WHAT IS THE LAWSUIT ABOUT?**

Plaintiff filed the Lawsuit, alleging that CPA Global overcharged certain clients for country and foreign exchange charges with respect to foreign patent renewal services that CPA Global performed under its contracts with clients. CPA Global at all times has denied and continues to deny any wrongdoing whatsoever and has maintained and continues to maintain that it has not committed any wrongful act or violation of law. In addition, CPA Global maintains that it has strong, meritorious defenses to the claims alleged in the Lawsuit and that it was prepared to vigorously defend all aspects of the Lawsuit. Nonetheless, CPA Global has agreed to enter into the Settlement to avoid the further expense, inconvenience, and distraction of burdensome litigation, and has determined that it is desirable and beneficial to settle and terminate the Lawsuit in the manner and upon the terms and conditions set forth in the Settlement Agreement.

The Court has preliminarily approved the Settlement. According to CPA Global's records, you are a member of the proposed Settlement Class, which means that between January 1, 2012, and December 31, 2016 (the "Class Period"), you met the following criteria:

- You are a former or current CPA Global patent holder client located in the United States; and

- You were introduced to CPA Global by an introducer agent; and

- Within any calendar year in the Class Period, you had 20 or fewer foreign (non-US) patent renewals performed by CPA Global; and

- You did not, within any calendar year in the Class Period, have more than 40 foreign patent renewals performed by CPA Global.

**WHAT ARE THE TERMS OF THE SETTLEMENT?**

The total amount of the Settlement Fund is $5,600,000. Each member of the Class will be paid based on the costs of their foreign patent renewals in years since 2012 for years in which they had twenty or fewer renewals. The lawyers who brought the Lawsuit ("Class Counsel," listed below) will ask the Court to award them approximately $1,864,800 in attorneys' fees and expenses for the time and effort they put into this case. The Class Representative also will apply to the Court for a payment of $25,000 in recognition of its service to the Settlement Class. Any amounts awarded to Class Counsel and the Class Representative will be paid from the Settlement Fund. The Settlement Fund also will cover costs associated with notice and administration of the Settlement. These costs include the cost of mailing notice of the Settlement, as well as the costs of administering the Settlement Fund. Attorneys' fees, the Class Representative's service payment, and the expenses of notice and administration will be deducted from the Settlement Fund before the balance is distributed to Settlement Class members (the "Settlement Class Recovery"), as set forth below.

CPA Global has also agreed that Settlement Class Members' future invoices will separately set forth the amount of the Official Fee, the Administration Fee, and the Country Charge for each patent renewal, and will include a description of the components comprising each charge.

## HOW MUCH WILL I BE PAID?

If the Court approves the Settlement, every Settlement Class Member who does not timely opt out of the Settlement will be entitled to a *pro rata* share of the Settlement Class Recovery. Your *pro rata* share will be calculated by the Settlement Administrator based upon a ratio of your total payments to CPA Global of fees at issue in the litigation to the total payments of all Settlement Class Members to CPA Global of fees at issue in the litigation. Specifically, the Settlement Administrator will: (1) calculate each Settlement Class Member's total payments to CPA Global of fees at issue in the litigation for each year in which the Settlement Class Member had 20 or fewer foreign patent renewals ("Qualified Payments"); (2) determine the combined total of all Qualified Payments for all Settlement Class Members ("Qualified Payment Total"); (3) determine the percentage of the Qualified Payment Total that is represented by each Settlement Class Member's Qualified Payments ("Pro Rata Percentage"); and (4) apply each Settlement Class Member's Pro Rata Percentage to the Settlement Class Recovery to determine that Settlement Class Member's Pro Rata Fund Share. Based on this formula, your Pro Rata Fund Share should be not less than $_____ based on a total of ___ Qualified Payments within the Class Period. You do not need to do anything to claim your Pro Rata Fund Share. A check will be sent to you if the settlement is approved by the Court.

## WHAT IS A CLASS ACTION?

In a class action, one or more people or entities, called "class representatives" (in this case, Run Them Sweet), sue on behalf of people who have similar claims. All of those people or entities together are a "class" or "class members." The Settlement in this Lawsuit, if approved by the Court, resolves the claims of all Settlement Class Members, except for those who exclude themselves from the Settlement Class.

## WHY IS THERE A SETTLEMENT?

The Court did not decide in favor of the Plaintiff or CPA Global. Instead, both sides have agreed to a Settlement. This avoids the cost, risk, and delay of trial. Under the Settlement, members of the Settlement Class will have the opportunity to obtain a payment in exchange for giving up certain legal rights. The Class Representative and Class Counsel think the Settlement is best for all Settlement Class Members.

## YOUR OPTIONS

Your choices are to:

1. **Do Nothing.** If you do nothing, and the Settlement is finally approved by the Court, you will be eligible to receive a payment from the Settlement Class Recovery as described above and

you will be bound by all of the terms of the Settlement, including the releases of claims. You will not need to do anything to receive your payment.

2. **Exclude yourself.** You may "opt out" and exclude yourself from the Settlement. If you opt out, you will not be eligible to receive any payment, and you will not release any claims you may have—you will be free to pursue whatever legal rights you may have at your own risk and expense. To exclude yourself from the Settlement, you must mail a request for exclusion to the Settlement Administrator, [insert address info], postmarked by [exclusion deadline], that includes your full name, address, telephone number, a statement that you wish to be excluded from the Settlement, and your personal signature (or the signature of an authorized representative). A request to be excluded that does not comply with all of the above criteria will be considered invalid. If you make such an invalid exclusion request, you will be bound by all of the terms of the Settlement, if finally approved by the Court, including the releases of claims, and you will be eligible to receive a payment from the Settlement Class Recovery.

3. **Object to the Settlement**. You may object to the Settlement by submitting a written objection in *Run Them Sweet LLC v. CPA Global Limited and CPA Global North America LLC*, No. 1:16-cv-01347-TSE-TCB, to the Clerk of Court, United States District Court for the Eastern District of Virginia, Albert V. Bryan U.S. Courthouse, 401 Courthouse Square, Alexandria, VA 22314, postmarked by [objection deadline]. You must also send a copy of your objection to the Settlement Administrator, [insert address info], also postmarked by [objection deadline]. Any objection to the Settlement must include your full name; address; telephone number; all grounds for your objection, with factual and/or legal support for each stated ground; the identity of any witnesses you may call to testify; copies of any exhibits that you intend to introduce into evidence at the Final Approval Hearing; and a statement of whether you intend to appear at the Final Approval Hearing with or without counsel. Attendance at the hearing is not necessary; however, persons wishing to be heard orally (either personally or through counsel) in opposition to the approval of the Settlement are required to file a timely objection as set forth above. If you submit an objection to the Settlement that does not meet the above criteria, your objection will be considered invalid and waived, such that you will be barred from making that objection in this Lawsuit or any other action or proceeding.

**WHEN WILL I BE PAID?**

If the Court approves the Settlement, you will be paid after the court order becomes final. If there is an appeal of the Settlement, payment may be delayed. The Settlement Administrator will provide information about the timing of payment at [insert website address].

Once you receive a payment from the Settlement Administrator, **YOU MUST CASH THE CHECK WITHIN 90 DAYS OF THE DATE IT WAS ISSUED.** If you do not cash the check within 90 days of the date it was issued as indicated on the check, you agree that you waive your claim for payment and the check shall be rescinded and void and an amount equal to the amount of uncashed checks may be distributed *pro rata* to class members who did cash their checks. Any remaining monies, including to the extent a second distribution is

not administratively feasible, shall be distributed as a *cy pres* award to a non-profit organization called Iridescent.

## WHO REPRESENTS THE SETTLEMENT CLASS?

The attorneys who have been appointed by the Court to represent the Settlement Classes as Class Counsel are:

| | | |
|---|---|---|
| Ethan Brown | Adam R. Gonnelli | Barbara Ann Rohr Faruqi |
| Geoffrey Neri | The Sultzer Law Group | & Faruqi, LLP  10866 |
| Rowennakete Paul Barnes | 85 Civic Center Plaza | Wilshire Boulevard Suite |
| Brown Neri Smith & | Suite 104 | 1470 |
| Khan LLP | Poughkeepsie, NY 12601 | Los Angeles, CA 90024 |
| 11766 Wilshire Boulevard | Phone: (845) 483-7100 | Phone: (424) 256-2884 |
| Suite 1670 | gonnellia@thesultzerlawgroup.com | brohr@faruqilaw.com |
| Los Angeles, CA 90025 | | |
| Phone: (310) 593-9890 | | |
| geoff@bnsklaw.com | | |

## SHOULD I HIRE MY OWN LAWYER?

You don't need to hire your own lawyer because Class Counsel are working on your behalf. But, if you want your own lawyer, you will have to pay that lawyer.  For example, you can ask your lawyer to appear in Court for you if you want someone other than Class Counsel to represent you.

## WHAT RIGHTS AM I GIVING UP IN THIS SETTLEMENT?

If the Court gives final approval to the Settlement, Settlement Class Members that have not filed valid exclusion requests will be deemed to have released their rights to sue or continue a lawsuit against CPA Global and the other CPA Global Released Parties related to the Qualified Payments in this Settlement.  Giving up your legal claims is called a release.

## WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?

The Court will hold a Final Approval Hearing (the "Hearing") at ____ a.m. on _____, 2017. The hearing will be held in Courtroom 900 of the United States District Court for the Eastern District of Virginia, Albert V. Bryan U.S. Courthouse, 401 Courthouse Square, Alexandria, VA 22314.   At the Hearing, the Court will consider whether the proposed Settlement is fair, reasonable, and adequate and whether to approve the Settlement. The Court will hear objections to the Settlement, or statements in support of the Settlement, if any.  At the Hearing, the Court will also consider Class Counsel's request for attorneys' fees and a service award to the Class Representative.  The Hearing may be continued at any time by the Court without further notice to you.  If the Court does not approve the Settlement, or if it approves the Settlement and the approval is reversed on appeal, or if the Settlement does not become final for some other reason,

you will not be paid at this time and the case will continue.  The parties may negotiate a different settlement or the case may go to trial.

**DO NOT ADDRESS QUESTIONS ABOUT THE SETTLEMENT OR THE LAWSUIT TO THE CLERK OF THE COURT OR TO THE JUDGE.  MORE INFORMATION ABOUT THE SETTLEMENT IS AVAILABLE AT [INSERT WEBSITE] OR TOLL-FREE AT [INSERT SETTLEMENT ADMINSTRATOR'S PHONE NUMBER].**

DATE: _____, 2017

# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

|  |  |
|---|---|
| **RUN THEM SWEET, LLC, on behalf of itself and all others similarly situated,**<br><br>        **Plaintiff,**<br><br>**v.**<br><br>**CPA GLOBAL, LTD. and CPA GLOBAL NORTH AMERICA, LLC,**<br><br>                **Defendants.** | **Civil Action No. 1:16 CV 1347** |

<u>**PRELIMINARY APPROVAL ORDER**</u>

This matter is before the Court on Plaintiff Run Them Sweet LLC's ("Plaintiff") unopposed Motion for Preliminary Approval of Class Action Settlement (the "Motion"). The Motion attaches and incorporates a Class Action Settlement Agreement and Release (the "Settlement Agreement") that, together with the exhibits thereto, set forth the terms and conditions for the settlement of claims, on a classwide basis, against Defendants CPA Global Limited and CPA Global North America LLC (together, "CPA Global," and, along with Plaintiff, the "Parties") and other CPA Global Released Parties as more fully set forth below.

Having carefully considered the Motion and the Settlement Agreement, and all of the files, records, and proceedings herein, and the Court determining upon preliminary examination that the Settlement Agreement appears to be fair, reasonable, and adequate, and that the proposed plan of notice to the Settlement Class is the best notice practicable under the circumstances and consistent with requirements of due process and Federal Rule of Civil Procedure 23, and that a hearing should and will be held after notice to the Settlement Class to confirm that the Settlement Agreement is fair, reasonable, and adequate, and to determine whether this Court should enter a

judgment approving the Settlement and an order of dismissal of this action based upon the Settlement Agreement:

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.     Unless otherwise defined herein, capitalized terms and phrases in this Order shall have the same meaning as ascribed to them in the Settlement Agreement.

2.     For purposes of settlement only, the Court has jurisdiction over the subject matter of this action and personal jurisdiction over the parties and the members of the Settlement Class described below.

3.     The Court finds that, subject to the Final Approval Hearing, the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class.  The Court further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class action, and provides beneficial relief to the Settlement Class.  The Court also finds that the Settlement Agreement (a) is the result of arm's-length negotiations involving experienced counsel made with the assistance of Randall Wulff, Esq.; (b) is sufficient to warrant notice of the settlement and the Final Approval Hearing to the Settlement Class; (c) meets all applicable requirements of law, including Federal Rule of Civil Procedure 23, and the Class Action Fairness Act (CAFA), 28 U.S.C. § 1715; and (d) is not a finding or admission of liability by CPA Global.

**Certification of Settlement Class**

4.     Under Rule 23(b)(3) of the Federal Rules of Civil Procedure, and for purposes of settlement only, the Court preliminarily approves the following Settlement Class:

> All former and current CPA Global patent holder clients located in the United States that: (i) were introduced to CPA Global by an introducer agent; (ii) within any calendar year in the Class Period had 20 or fewer foreign (non-U.S.) patent renewals performed by CPA Global; and (iii) did not, within any calendar year in

the Class Period, have more than 40 foreign patent renewals performed by CPA Global.

5.      The Class Period is the period between January 1, 2012, and December 31, 2016.

6.      All Persons who are members of the Settlement Class who have not submitted a timely request for exclusion are referred to collectively as "Settlement Class Members" or individually as a "Settlement Class Member."

7.      For purposes of settlement only, the Court finds that the prerequisites for a class action under Federal Rules of Civil Procedure 23(a) and (b)(3) have been met, including that the Settlement Class are sufficiently numerous, that there are questions of law and fact common to members of the Settlement Class that predominate, that the claims of Plaintiff are typical of the claims of the Settlement Class, that Plaintiff and its counsel adequately represent the interests of the Settlement Class, and that a settlement class action is a superior method of adjudicating this Action.

8.      Under Federal Rule of Civil Procedure 23, and for settlement purposes only, Plaintiff Run Them Sweet LLC is hereby appointed Class Representative and the following are hereby appointed as Class Counsel:

>Ethan Brown
>Geoffrey Neri
>Rowennakete Paul Barnes
>Brown Neri Smith & Khan LLP
>11766 Wilshire Boulevard, Suite 1670
>Los Angeles, CA 90025
>
>Adam R. Gonnelli
>The Sultzer Law Group
>85 Civic Center Plaza, Suite 104
>Poughkeepsie, NY 12601
>
>Barbara Ann Rohr
>Faruqi & Faruqi, LLP
>10866 Wilshire Boulevard, Suite 1470

Los Angeles, CA 90024

**Notice and Administration**

9.      The Court hereby approves of Kurtzman Carson Consultants LLC to perform the functions and duties of the Settlement Administrator set forth in the Settlement Agreement— including effectuating the Notice Plan, providing Notice to the Settlement Class, and administering distributions from the Settlement Fund—and to provide such other administration services as are reasonably necessary to facilitate the completion of the Settlement.

10.     The Court has carefully considered the Notice Plan set forth in the Settlement Agreement.  The Court finds that the Notice Plan constitutes the best notice practicable under the circumstances, and satisfies fully the requirements of Rule 23 of the Federal Rules of Civil Procedure, the requirements of due process, and the requirements of any other applicable law, such that the terms of the Settlement Agreement, the releases provided for therein, and this Court's final judgment will be binding on all Settlement Class Members.

11.     The Court hereby approves the Notice Plan and the form, content, and requirements of the Notice described in and attached as Exhibit 1 to the Settlement Agreement. The Settlement Administrator shall cause the Notice Plan to be executed within thirty (30) days following the entry of this Order.  Class Counsel shall, prior to the Final Approval Hearing, file with the Court a declaration executed by the Settlement Administrator attesting to the timely completion of the Notice Plan.

12.     All costs of providing notice to the Settlement Class, notice to appropriate federal and state officials as required by the Class Action Fairness Act of 2005, and administering distributions from the Settlement Fund shall be paid out of the Settlement Fund, as provided by the Settlement Agreement.

**Exclusion and "Opt-Outs"**

13.     Each and every member of the Settlement Class shall be bound by all determinations and orders pertaining to the Settlement, including the release of all claims to the extent set forth in the Settlement Agreement, unless such persons request exclusion from the Settlement in a timely and proper manner, as hereinafter provided.

14.     A member of the Settlement Class wishing to request exclusion (or "opt-out") from the Settlement shall mail the request in written form, by first-class mail, postage prepaid, and postmarked no later than _____**, 2017**, to the Settlement Administrator at the address specified in the Notice. In the written request for exclusion, the member of the Settlement Class must state his or her or its full name, address, and telephone number. Further, the written request for exclusion must include a statement that the member of the Settlement Class submitting the request wishes to be excluded from the Settlement, and the personal signature (or signature of an authorized representative) of the member of the Settlement Class submitting the request.  The request for exclusion shall not be effective unless the request for exclusion provides the required information and is made within the time stated above.  No member of the Settlement Class, or any person acting on behalf of or in concert or in participation with a member of the Settlement Class, may request exclusion of any other member of the Settlement Class from the Settlement.

15.     Members of the Settlement Class who timely request exclusion from the Settlement will relinquish their rights to benefits under the Settlement and will not release any claims against CPA Global or any of the other CPA Global Released Parties.

16.     All Settlement Class Members who do not timely and validly request exclusion shall be so bound by all terms of the Settlement Agreement and by the Final Approval Order and

Judgment even if they have previously initiated or subsequently initiate individual litigation or any other proceedings against CPA Global or any of the other CPA Global Released Parties.

17.     The Settlement Administrator will promptly provide all Parties with copies of any exclusion requests, and Plaintiff shall file a list of all persons who have validly opted out of the Settlement with the Court prior to the Final Approval Hearing.

**Objections**

18.     Any Settlement Class Member who does not file a timely request for exclusion, but who wishes to object to approval of the proposed Settlement, to the award of attorneys' fees and expenses, or to the service award to the Class Representative must file with the Court a written statement that includes: his or her or its full name; address; telephone number; all grounds for the objection, with factual and legal support for each stated ground; the identity of any witnesses the Settlement Class Member may call to testify; copies of any exhibits that the Settlement Class Member intends to introduce into evidence at the Final Approval Hearing; and a statement of whether the Settlement Class Member intends to appear at the Final Approval Hearing with or without counsel.  Any objecting Settlement Class Member also must send a copy of the filing to the Settlement Administrator at the same time it is filed with the Court.  The Court will consider objections to the Settlement, to the award of attorneys' fees and expenses, or to the service award to the Class Representative only if, on or before _____, **2017**, such objections and any supporting papers are filed in writing with the Clerk of this Court and served on the Settlement Administrator.

19.     A Settlement Class Member who has timely filed a written objection as set forth above may appear at the Final Approval Hearing in person or through counsel to be heard orally regarding their objection.  It is not necessary, however, for a Settlement Class Member who has

filed a timely objection to appear at the Final Approval Hearing.  No Settlement Class Member wishing to be heard orally in opposition to the approval of the Settlement and/or the request for attorneys' fees and expenses and/or the request for a service award to the Class Representative will be heard unless that person has filed a timely written objection as set forth above.  No non-party, including members of the Settlement Class who have timely opted out of the Settlement, will be heard at the Final Approval Hearing.

20.     Any member of the Settlement Class who does not make an objection to the Settlement in the manner provided herein shall be deemed to have waived any such objection by appeal, collateral attack, or otherwise, and shall be bound by the Settlement Agreement, the releases contained therein, and all aspects of the Final Approval Order and Judgment.

**Final Approval Hearing**

21.     The Federal Rule of Civil Procedure 23(e) Final Approval Hearing is hereby scheduled to be held before the Court on **_____, 2017 at _____ a.m.** for the following purposes:

(a)     to finally determine whether the applicable prerequisites for settlement class action treatment under Federal Rules of Civil Procedure 23(a) and (b) are met;

(b)     to determine whether the Settlement is fair, reasonable, and adequate, and should be given final approval by the Court;

(c)     to determine whether the judgment as provided under the Settlement Agreement should be entered, including a bar order prohibiting Settlement Class Members from further pursuing claims released in the Settlement Agreement;

(d)     to consider the application for an award of attorneys' fees and expenses of Class Counsel;

7

(e)     to consider the application for a service award to the Class Representative;

(f)     to consider the distribution of the Settlement benefits under the terms of the Settlement Agreement; and

(g)     to rule upon such other matters as the Court may deem appropriate.

22.     On or before fourteen (14) days prior to the Final Approval Hearing, Class Counsel shall file any application for attorneys' fees and expenses and a service award to the Class Representative.  Papers in support of final approval of the settlement shall also be filed within fourteen (14) days prior to the Final Approval Hearing.  The Final Approval Hearing may be postponed, adjourned, transferred, or continued by order of the Court without further notice to the Settlement Class.  At, or following, the Final Approval Hearing, the Court may enter a Final Approval Order and Judgment in accordance with the Settlement Agreement that will adjudicate the rights of all class members.

23.     For clarity, the deadlines the Parties shall adhere to are as follows:

**Class Notice Mailed by:**              **                    , 2017**

**Objection/Exclusion Deadline:**        **                    , 2017**

**Final Approval Hearing:**              **                    , 2017 at           a.m.**

24.     Settlement Class Members do not need to appear at the Final Approval Hearing or take any other action to indicate their approval.

**Further Matters**

25.     All discovery and other pretrial proceedings in the Action as between the Plaintiff and CPA Global are stayed and suspended until further order of the Court except such actions as may be necessary to implement the Settlement Agreement and this Order.

26.     In order to protect its jurisdiction to consider the fairness of this Settlement Agreement and to enter a Final Order and Judgment having binding effect on all Settlement Class Members, the Court hereby enjoins all Settlement Class Members, and anyone who acts or purports to act on their behalf, from pursuing or continuing to pursue all other proceedings in any state or federal court or any other proceeding that seeks to address any Releasing Party's or Settlement Class Member's rights or claims relating to, or arising out of, any of the Released Claims.

27.     Neither the Settlement nor the Settlement Agreement constitutes an admission, concession, or indication by the Parties of the validity of any claims or defenses in the Action or of any wrongdoing, liability, or violation of law by CPA Global, which vigorously denies all of the claims and allegations raised in the Action.

28.     In the event that the Settlement Agreement is terminated under the terms of the Settlement Agreement, or for any reason whatsoever the approval of it does not become final and no longer subject to appeal, then: (i) the Settlement Agreement shall be null and void, including any provisions related to the award of attorneys' fees and expenses, and shall have no further force and effect with respect to any party in this Action, and shall not be used in this Action or in any other proceeding for any purpose; (ii) all negotiations, proceedings, documents prepared, and statements made in connection therewith shall be without prejudice to any person or party hereto, shall not be deemed or construed to be an admission by any party of any act, matter, or proposition, and shall not be used in any manner of or any purpose in any subsequent proceeding in this Action or in any other action in any court or other proceeding, provided, however, that the termination of the Settlement Agreement shall not shield from subsequent discovery any factual information provided in connection with the negotiation of this Settlement Agreement that would

ordinarily be discoverable but for the attempted settlement; (iii) this Order shall be vacated and of no further force or effect whatsoever, as if it had never been entered; and (iv) any party may elect to move the Court to implement the provisions of this paragraph, and none of the non-moving parties (or their counsel) shall oppose any such motion.   This Order shall not be construed or used to show that certification of one or more classes would or would not be appropriate if the Action were to be litigated rather than settled.

29.     The Court retains jurisdiction to consider all further matters arising out of or connected with the Settlement.

DATED: _____, 2017     _____

                                                  Honorable T.S. Ellis III
                                                  United States District Judge

# EXHIBIT 3

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| **RUN THEM SWEET, LLC, on behalf of itself and all others similarly situated,**<br><br>    **Plaintiff,**<br><br>**v.**<br><br>**CPA GLOBAL, LTD. and CPA GLOBAL NORTH AMERICA, LLC,**<br><br>    **Defendants.** | **Civil Action No. 1:16 CV 1347** |

## <u>FINAL APPROVAL ORDER</u>

This matter is before the Court on Plaintiff's motion for final approval (the "Motion for Final Approval") of a proposed class action settlement (the "Settlement") of the above-captioned action (the "Action") between Plaintiff Run Them Sweet LLC ("Plaintiff") and Defendants CPA Global Limited and CPA Global North America LLC (together, "CPA Global," and, along with Plaintiff, the "Parties"), pursuant to the parties' Class Action Settlement Agreement and Release (the "Settlement Agreement"). Having duly considered all papers filed and arguments presented, IT IS HEREBY ORDERED and ADJUDGED as follows:

1.    Unless defined herein, all defined terms in this Final Approval Order and accompanying Judgment shall have the respective meanings set forth in the Settlement Agreement.

2.    This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

3.    The Court preliminarily approved the Settlement Agreement and entered the Preliminary Approval Order on _____, 2017, and notice was given to all members

of the Settlement Class under the terms of the Preliminary Approval Order.

4.      The Court has read and considered the papers filed in support of the Motion, including the Settlement Agreement and the exhibits thereto, memoranda and arguments submitted on behalf of the Plaintiff, Settlement Class Members, and CPA Global, and supporting declarations.  The Court has also read and considered any written objections filed by Settlement Class Members.  [Alternatively: "The Court has not received any objections regarding the Settlement."]  The Court held a hearing on _____, 2017, at which time the parties [and objecting Settlement Class Members] were afforded the opportunity to be heard in support of or in opposition to the Settlement.  Furthermore, the Court finds that notice under the Class Action Fairness Act was timely and properly effectuated on _____, 2017, and that ninety (90) days have passed without comment or objection from any governmental entity.

5.      Based on the papers filed with the Court and the presentations made to the Court at the hearing, the Court now gives final approval to the Settlement and finds that the Settlement is fair, adequate, reasonable, and in the best interests of the Settlement Class under the fairness standards set forth in *In re Jiffy Lube Securities Litig.*, 927 F.2d 155 (4th Cir. 1991).

6.      The Court specifically finds that the following factors support the Court's determination that the Settlement is fair and reasonable:

    a.   The posture of the case at the time settlement was proposed;

    b.   The extensive nature of written discovery and document production that had been conducted;

    c.   The arm's-length negotiations presided over by mediator Randall Wulff, Esq. following the exchange of mediation statements; and

    d.   The extensive experience of counsel.

7.      The Court specifically finds that the following factors support the Court's determination that the Settlement is adequate:

    a.   The relative strength of Plaintiff's case on the merits;

    b.   The difficulties of proof or strong defenses Plaintiff would likely encounter if the case had gone to trial;

    c.   The anticipated duration and expense of the litigation;

    d.   The degree of opposition to the Settlement; and

    e.   The settlement benefits being made available to Settlement Class Members.

8.      Under Federal Rule of Civil Procedure 23(c), the Court certifies, for settlement purposes only, the following "Settlement Class":

> All former and current CPA Global patent holder clients located in the United States that: (i) were introduced to CPA Global by an introducer agent; (ii) within any calendar year in the Class Period had 20 or fewer foreign (non-U.S.) patent renewals performed by CPA Global; and (iii) did not, within any calendar year in the Class Period, have more than 40 foreign patent renewals performed by CPA Global.

9.      The Class Period is the period between January 1, 2012, and December 31, 2016.

10.     Under Federal Rule of Civil Procedure 23, Run Them Sweet LLC is hereby appointed as Class Representative and the following are hereby appointed as Class Counsel:

> Ethan Brown
> Geoffrey Neri
> Rowennakete Paul Barnes
> Brown Neri Smith & Khan LLP
> 11766 Wilshire Boulevard, Suite 1670
> Los Angeles, CA 90025
>
> Adam R. Gonnelli
> The Sultzer Law Group
> 85 Civic Center Plaza, Suite 104
> Poughkeepsie, NY 12601
>
> Barbara Ann Rohr

Faruqi & Faruqi, LLP
10866 Wilshire Boulevard, Suite 1470
Los Angeles, CA 90024

11.     With respect to the Settlement Class, the Court finds that the prerequisites for a class action under Federal Rules of Civil Procedure 23(a) and (b)(3) have been met, including that the Settlement Class is sufficiently numerous, that there are questions of law and fact common to members of the Settlement Class that predominate, that the claims of Plaintiff are typical of the claims of the Settlement Class, that Plaintiff and her counsel adequately represent the interests of the Settlement Class, and that a settlement class action is a superior method of adjudicating this Action.

12.     The Court has determined that the Notice given to the Settlement Class, in accordance with the Notice Plan in the Agreement and the Preliminary Approval Order, fully and accurately informed members of the Settlement Class of all material elements of the Settlement and constituted the best notice practicable under the circumstances, and fully satisfied the requirements of due process, Federal Rule of Civil Procedure 23, and all applicable law.

13.     The Court finds that Defendant properly and timely notified the appropriate state and federal officials of the Settlement Agreement under the Class Action Fairness Act of 2005 (CAFA), 28 U.S.C. § 1715.

14.     All persons whose names were included on the list supplied by Plaintiff as having made timely and valid requests for exclusion are excluded from the Settlement Class and are not bound by this Final Approval Order and accompanying Judgment.

15.     The Court orders the Parties to the Settlement Agreement to perform their obligations thereunder. The Settlement Agreement, including the releases therein, shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an order of

4

this Court.  Upon the Effective Date, Plaintiff, each and every Settlement Class Member, and the remainder of the Releasing Parties (as defined in the Settlement Agreement) fully, finally, completely, and forever, release, relinquish, acquit, and discharge the CPA Global Released Parties (as defined in the Settlement Agreement) against all Released Claims, including any and all actual, potential, filed, known or unknown (including Unknown Claims, as defined below), fixed or contingent, claimed or unclaimed, asserted or unasserted, suspected or unsuspected, material or immaterial, matured or unmatured, anticipated or unanticipated, hidden or concealed, disclosed or undisclosed, accrued or unaccrued, direct or indirect, individual or representative, claims, counterclaims, suits, debts, controversies, promises, losses, sums of money, covenants, assertions, allegations, contentions, actions, demands, liabilities, rights, causes or rights of action, contracts or agreements, extra-contractual claims, damages, punitive, exemplary, or multiplied damages, expenses, costs, attorneys' fees and or obligations of any kind or nature whatsoever, whether in law or in equity, based on federal law, state law, municipal law, statutory or common law, territorial law, foreign law, contract, regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), or any other law, rule, or regulation, against the CPA Global Released Parties, or any of them, arising out of or relating in any way to the claims and/or allegations asserted in the Action.  This includes, but is not limited to, any claims related to fees and/or billing under patent renewal contracts CPA Global maintains or has in the past maintained with Settlement Class Members.  For avoidance of doubt, the Released Claims include any and all claims that were brought or could have been brought in the Action. However, this release shall not extend to any year in the Class Period in which a Settlement Class Member had more than 20 foreign patent renewals and for which the Settlement Class Member is not receiving payment under this Settlement.

16.     The Court dismisses this Action with prejudice and without costs (except as otherwise provided herein and in the Settlement Agreement) as to Plaintiff and all Settlement Class Members.  The Court adjudges that, upon the Effective Date, the Releasing Parties, and each of them, shall be deemed to have fully, finally, and forever released, relinquished, and discharged all Released Claims against the CPA Global Released Parties, and each of them.

17.     On the Effective Date, the Releasing Parties, and each of them, are forever barred and permanently enjoined from directly, indirectly, representatively, or in any other capacity filing, commencing, prosecuting, continuing, litigating, intervening in, participating in as class members or otherwise, or receiving any benefits or other relief from, any lawsuit, any arbitration, or any administrative, regulatory, or other proceeding against any of the CPA Global Released Parties in any jurisdiction based on or relating in any way to the Released Claims, and the Releasing Parties, and each of them, are forever barred and permanently enjoined from filing, commencing, or prosecuting any lawsuit individually or as a class action against any of the Released Parties (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) based on or relating in any way to the Released Claims.

18.     The Court further adjudges that upon the Effective Date, the above-described releases and the Settlement Agreement will be binding on and have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of the Releasing Parties, and each of them. The CPA Global Released Parties may file the Settlement Agreement and/or this Final Approval Order and accompanying Judgment in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or

reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

19.     The Plaintiff and all Settlement Class Members shall, as of the Effective Date, conclusively be deemed to have acknowledged that the Released Claims may include claims, rights, demands, causes of action, liabilities, or suits that are not known or suspected to exist as of the Effective Date.  The Plaintiff and all Settlement Class Members nonetheless release all such Released Claims against the CPA Global Released Parties.  Further, as of the Effective Date, Plaintiff and all Settlement Class Members shall be deemed to have waived any and all protections, rights, and benefits of California Civil Code section 1542 and any comparable statutory or common law provision of any other jurisdiction.

20.     The benefits and payments described in the Settlement Agreement are the only consideration, fees, and expenses CPA Global or the CPA Global Released Parties shall be obligated to give to the Class Representative, Settlement Class Members, and Class Counsel in connection with the Agreement, the Released Claims, and the payment of attorneys' fees and expenses.

21.     Without affecting the finality of this Final Approval Order and accompanying Judgment in any way, the Court retains jurisdiction over: (a) implementation and enforcement of the Settlement Agreement until the final judgment contemplated hereby has become effective and each and every act agreed to be performed by the parties hereto pursuant to the Settlement Agreement has been performed; (b) any other action necessary to conclude the Settlement and to administer, effectuate, interpret, and monitor compliance with the provisions of the Settlement Agreement; and (c) all parties to this Action and Settlement Class Members for the purpose of implementing and enforcing the Settlement Agreement, including the bar orders set forth in

paragraph 15 above.

22.     The Court approves payment of attorneys' fees to Class Counsel in the amount of

_____ plus their costs and expenses of $_____. This amount shall be paid

from the Settlement Fund in accordance with the terms of the Settlement Agreement. The Court,

having considered the materials submitted by Class Counsel in support of final approval of the

Settlement and their request for attorneys' fees, costs, and expenses, and in response to the filed

objections thereto, finds the award of attorneys' fees, costs, and expenses appropriate and

reasonable, and the Court notes that the class notice specifically and clearly advised the class that

Class Counsel would seek the award.

23.     The Court approves the service award payment of $_____ for Run Them Sweet

LLC and specifically finds such amount to be reasonable in light of the service performed by

Plaintiff for the class. This amount shall be paid from the Settlement Fund in accordance with

the terms of the Settlement Agreement.

24.     The Settlement Agreement and this Order are not admissions of liability or fault

by CPA Global or the CPA Global Released Parties, nor do they constitute a finding of the

validity of any claims in the Action or of any wrongdoing or violation of law by CPA Global or

the CPA Global Released Parties. The Settlement Agreement and settlement are not a

concession by CPA Global or the CPA Global Released Parties, and neither this Order or

Judgment, nor any of its terms or provisions, nor any of the negotiations or proceedings

connected with it, shall be offered as evidence or received in evidence or used in any way in any

pending or future civil, criminal, or administrative action or any other proceeding to establish

any liability or wrongdoing of, or admission by, CPA Global, the CPA Global Released Parties,

or any of them. Notwithstanding the foregoing, nothing in this Order shall be interpreted to

8

prohibit the use of this Order or the Judgment in a proceeding to consummate or enforce the Settlement Agreement or Judgment, or to defend against the assertion of Released Claims in any other proceeding.   All other relief not expressly granted to the Settlement Class Members is denied.

25.     Any objections to the Settlement Agreement are overruled and denied in all respects.   The Court finds that no just reason exists for delay in entering this Final Approval Order and accompanying Judgment. Accordingly, the Clerk is hereby directed forthwith to enter this Final Approval Order and accompanying Judgment.

DATED: _____, 2017          _____

                                                               Honorable T.S. Ellis III
                                                               United States District Judge

# EXHIBIT 4

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| **RUN THEM SWEET, LLC, on behalf of itself and all others similarly situated,** | |
| **Plaintiff,** | |
| **v.** | **Civil Action No. 1:16 CV 1347** |
| **CPA GLOBAL, LTD. and CPA GLOBAL NORTH AMERICA, LLC,** | |
| **Defendants.** | |

**[PROPOSED] FINAL JUDGMENT**

For the reasons set forth in this Court's Final Approval Order, in the above-captioned matter as to the following class of Persons:

> All former and current CPA Global patent holder clients located in the United States that: (i) were introduced to CPA Global by an introducer agent; (ii) within any calendar year in the Class Period had 20 or fewer foreign (non-U.S.) patent renewals performed by CPA Global; and (iii) did not, within any calendar year in the Class Period, have more than 40 foreign patent renewals performed by CPA Global.

**JUDGMENT IS HEREBY ENTERED**, pursuant to Federal Rule of Civil Procedure 58, as to the above-specified classes of persons, Plaintiff Run Them Sweet LLC ("Plaintiff"), and Defendants CPA Global Limited and CPA Global North America LLC (together, "CPA Global") and the CPA Global Released Parties, on the terms and conditions of the Class Action Settlement and Release (the "Settlement Agreement") approved by the Court's Final Approval Order, dated _____, 2017.

1.      The Court, for purposes of this Final Judgment, adopts the terms and definitions set forth in the Settlement Agreement incorporated into the Final Approval Order.

2.      All Released Claims of the Releasing Parties are hereby released as against CPA

Global and all other CPA Global Released Parties, as defined in the Settlement Agreement.  CPA

Global's claims against Plaintiff arising out of or related to the filing of this Action and/or fees

paid or due to be paid by RTS to CPA Global are hereby released, as set forth in the Settlement

Agreement.

3.      The claims of Plaintiff and the Settlement Class are dismissed on the merits and

with prejudice in accordance with the Court's Final Approval Order.

4.      The Parties shall bear their own costs and attorneys' fees, except as otherwise set

forth in the Final Approval Order.

5.      This document constitutes a final judgment and separate document for purposes

of Federal Rule of Civil Procedure 58(a).

6.      The Court finds, pursuant to Rule 54(a) of the Federal Rules of Civil Procedure,

that this Final Judgment should be entered and that there is no just reason for delay in the entry

of this Final Judgment as to Plaintiff, the Settlement Class, and CPA Global.  Accordingly, the

Clerk is hereby directed to enter Judgment forthwith.

**IT IS SO ORDERED.**

**JUDGMENT ENTERED** this _____, 2017  .


_____
Honorable T.S. Ellis III
United States District Judge