**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| **RUN THEM SWEET, LLC,** ) | |
|    **Plaintiff,** ) | |
| ) | |
|    v. ) | Case No. 1:16-cv-1347 |
| ) | |
| **CPA GLOBAL LIMITED,** *et al.*, ) | |
|    **Defendants.** ) | |

## ORDER

The matter is before the Court on plaintiff Run Them Sweet, LLC's unopposed motion for final approval (the "Motion for Final Approval") of a proposed class action settlement (the "Settlement") of the above-captioned action (the "Action") between Plaintiff Run Them Sweet, LLC ("Plaintiff") and Defendants CPA Global Limited and CPA Global North America LLC (together, "CPA Global," and, along with Plaintiff, the "Parties"), pursuant to the parties' Class Action Settlement Agreement and Release (the "Settlement Agreement"). Having carefully considered the Motion and the Settlement Agreement, and all the files, records, and proceedings:

**IT IS HEREBY ORDERED** and **ADJUDGED** as follows:

1. Unless defined herein, all defined terms in this Final Approval Order and accompanying Judgment shall have the respective meanings set forth in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

3. The Court preliminarily approved the Settlement Agreement and entered the Preliminary Approval Order on June 9, 2017, and notice was given to all members of the Settlement Class under the terms of the Preliminary Approval Order.

4. The Court has read and considered the papers filed in support of the Motion, including the Settlement Agreement and the exhibits thereto, memoranda and arguments submitted on behalf of the Plaintiff, Settlement Class Members, and CPA Global, and supporting declarations. The Court has not received any objections regarding the Settlement. The Court held a hearing on October 6, 2017, at which time the parties were afforded the opportunity to be heard in support of or in opposition to the Settlement. Furthermore, the Court finds that notice under the Class Action Fairness Act was timely and properly effectuated on March 23, 2017, and that ninety (90) days have passed without comment or objection from any governmental entity.

5. Based on the papers filed with the Court and the presentations made to the Court at the hearing, the Court now gives final approval to the Settlement and finds that the Settlement is fair, adequate, reasonable, and in the best interests of the Settlement Class under the fairness standards set forth in *In re Jiffy Lube Securities Litig.*, 927 F.2d 155 (4th Cir. 1991).

6. The Court specifically finds that the following factors support the Court's determination that the Settlement is fair and reasonable:

    a. The posture of the case at the time settlement was proposed;

    b. The extensive nature of written discovery and document production that had been conducted;

    c. The arm's-length negotiations presided over by mediator Randall Wulff, Esq. following the exchange of mediation statements; and

    d. The extensive experience of counsel.

7. The Court specifically finds that the following factors support the Court's determination that the Settlement is adequate:

    a. The relative strength of Plaintiff's case on the merits;

    b. The difficulties of proof or strong defenses Plaintiff would likely encounter if the case had gone to trial;

    c. The anticipated duration and expense of the litigation;

    d. The degree of opposition to the Settlement; and

    e. The Settlement benefits being made available to Settlement Class Members.

8. Under Federal Rule of Civil Procedure 23(c), the Court certifies, for settlement purposes only, the following "Settlement Class":

> All former and current CPA Global patent holder clients located in the United States that: (i) were introduced to CPA Global by an introducer agent; (ii) within any calendar year in the Class Period had 20 or fewer foreign (non-U.S.) patent renewals performed by CPA Global; and (iii) did not, within any calendar year in the Class Period, have more than 40 foreign patent renewals performed by CPA Global.

9. The Class Period is the period between January 1, 2012, and December 31, 2016.

10. Under Federal Rule of Civil Procedure 23, Run Them Sweet, LLC is hereby appointed as Class Representative and the following are hereby appointed as Class Counsel:

> Ethan Brown
> Geoffrey Neri
> Rowennakete Paul Barnes
> Brown Neri Smith & Khan LLP
> 11766 Wilshire Boulevard, Suite 1670
> Los Angeles, CA 90025
>
> Adam R. Gonnelli
> The Sultzer Law Group
> 85 Civic Center Plaza, Suite 104
> Poughkeepsie, NY 12601

        Innessa Melamed Huot
        Faruqi & Faruqi, LLP
        685 Third Avenue, 26th Floor
        New York, NY 10017

    11. With respect to the Settlement Class, the Court finds that the prerequisites for a class action under Federal Rules of Civil Procedure 23(a) and (b)(3) have been met, including that the Settlement Class is sufficiently numerous, that there are questions of law and fact common to members of the Settlement Class that predominate, that the claims of Plaintiff are typical of the claims of the Settlement Class, that Plaintiff and their counsel adequately represent the interests of the Settlement Class, and that a settlement class action is a superior method of adjudicating this Action.

    12. The Court has determined that the Notice given to the Settlement Class, in accordance with the Notice Plan in the Agreement and the Preliminary Approval Order, fully and accurately informed members of the Settlement Class of all material elements of the Settlement and constituted the best notice practicable under the circumstances, and fully satisfied the requirements of due process, Federal Rule of Civil Procedure 23, and all applicable law.

    13. The Court finds that Defendants properly and timely notified the appropriate state and federal officials of the Settlement Agreement under the Class Action Fairness Act of 2005 (CAFA), 28 U.S.C. § 1715.

    14. The Court orders the Parties to the Settlement Agreement to perform their obligations thereunder. The Settlement Agreement, including the releases therein, shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an order of this Court. Upon the Effective Date, Plaintiff, each and every Settlement Class Member, and the remainder of the Releasing Parties (as defined in the Settlement Agreement) fully, finally, completely, and forever, release, relinquish, acquit, and discharge the CPA Global Released Parties (as defined in

the Settlement Agreement) against all Released Claims, including any and all actual, potential, filed, known or unknown (including Unknown Claims, as defined below), fixed or contingent, claimed or unclaimed, asserted or unasserted, suspected or unsuspected, material or immaterial, matured or unmatured, anticipated or unanticipated, hidden or concealed, disclosed or undisclosed, accrued or unaccrued, direct or indirect, individual or representative, claims, counterclaims, suits, debts, controversies, promises, losses, sums of money, covenants, assertions, allegations, contentions, actions, demands, liabilities, rights, causes or rights of action, contracts or agreements, extra-contractual claims, damages, punitive, exemplary, or multiplied damages, expenses, costs, attorneys' fees and or obligations of any kind or nature whatsoever, whether in law or in equity, based on federal law, state law, municipal law, statutory or common law, territorial law, foreign law, contract, regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), or any other law, rule, or regulation, against the CPA Global Released Parties, or any of them, arising out of or relating in any way to the claims and/or allegations asserted in the Action. This includes, but is not limited to, any claims related to fees and/or billing under patent renewal contracts CPA Global maintains or has in the past maintained with Settlement Class Members. For avoidance of doubt, the Released Claims include any and all claims that were brought or could have been brought in the Action. However, this release shall not extend to any year in the Class Period in which a Settlement Class Member had more than 20 foreign patent renewals and for which the Settlement Class Member is not receiving payment under this Settlement.

15. The Court dismisses this Action with prejudice and without costs (except as otherwise provided herein and in the Settlement Agreement) as to Plaintiff and all Settlement Class Members. The Court adjudges that, upon the Effective Date, the Releasing Parties, and each of

them, shall be deemed to have fully, finally, and forever released, relinquished, and discharged all Released Claims against the CPA Global Released Parties, and each of them.

16. On the Effective Date, the Releasing Parties, and each of them, are forever barred and permanently enjoined from directly, indirectly, representatively, or in any other capacity filing, commencing, prosecuting, continuing, litigating, intervening in, participating in as class members or otherwise, or receiving any benefits or other relief from, any lawsuit, any arbitration, or any administrative, regulatory, or other proceeding against any of the CPA Global Released Parties in any jurisdiction based on or relating in any way to the Released Claims, and the Releasing Parties, and each of them, are forever barred and permanently enjoined from filing, commencing, or prosecuting any lawsuit individually or as a class action against any of the Released Parties (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) based on or relating in any way to the Released Claims.

17. The Court further adjudges that upon the Effective Date, the above-described releases and the Settlement Agreement will be binding on and have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of the Releasing Parties, and each of them. The CPA Global Released Parties may file the Settlement Agreement and/or this Final Approval Order and accompanying Judgment in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

18. The Plaintiff and all Settlement Class Members shall, as of the Effective Date, conclusively be deemed to have acknowledged that the Released Claims may include claims,

rights, demands, causes of action, liabilities, or suits that are not known or suspected to exist as of the Effective Date. The Plaintiff and all Settlement Class Members nonetheless release all such Released Claims against the CPA Global Released Parties. Further, as of the Effective Date, Plaintiff and all Settlement Class Members shall be deemed to have waived any and all protections, rights, and benefits of California Civil Code section 1542 and any comparable statutory or common law provision of any other jurisdiction.

19. The benefits and payments described in the Settlement Agreement are the only consideration, fees, and expenses CPA Global or the CPA Global Released Parties shall be obligated to give to the Class Representative, Settlement Class Members, and Class Counsel in connection with the Agreement, the Released Claims, and the payment of attorneys' fees and expenses.

20. Without affecting the finality of this Final Approval Order and accompanying Judgment in any way, the Court retains jurisdiction over: (a) implementation and enforcement of the Settlement Agreement until the final judgment contemplated hereby has become effective and each and every act agreed to be performed by the parties hereto pursuant to the Settlement Agreement has been performed; (b) any other action necessary to conclude the Settlement and to administer, effectuate, interpret, and monitor compliance with the provisions of the Settlement Agreement; and (c) all parties to this Action and Settlement Class Members for the purpose of implementing and enforcing the Settlement Agreement, including the bar orders set forth in paragraph 15 above.

21. The Court approves payment of attorneys' fees to Class Counsel in the amount of $1,864,000. Class Counsel bears its own costs and expense incurred in litigation. This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement

Agreement. The Court, having considered the materials submitted by Class Counsel in support of final approval of the Settlement and their request for attorneys' fees, costs, and expenses, finds the award of attorneys' fees, costs, and expenses appropriate and reasonable, and the Court notes that the class notice specifically and clearly advised the class that Class Counsel would seek the award.

22. Factors supporting the award of fees and expenses include:

    a. The degree of success obtained by Plaintiff's Counsel;

    b. The quality, efficiency, and skill of Plaintiff's Counsel's representation;

    c. The contingent nature of the representation and the risk of nonpayment of fees and expenses;

    d. The lack of any objections to the fee request; and

    e. The reasonableness of the expenses incurred by Plaintiff's Counsel in the prosecution of the litigation.

23. The Court approves the service award payment of $25,000 for Run Them Sweet, LLC and specifically finds such amount to be reasonable in light of the services performed by Plaintiff for the class. This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

24. The Settlement Agreement and this Order are not admissions of liability or fault by CPA Global or the CPA Global Released Parties, nor do they constitute a finding of the validity of any claims in the Action or of any wrongdoing or violation of law by CPA Global or the CPA Global Released Parties. The Settlement Agreement and settlement are not a concession by CPA Global or the CPA Global Released Parties, and neither this Order or Judgment, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be offered

as evidence or received in evidence or used in any way in any pending or future civil, criminal, or administrative action or any other proceeding to establish any liability or wrongdoing of, or admission by, CPA Global, the CPA Global Released Parties, or any of them. Notwithstanding the foregoing, nothing in this Order shall be interpreted to prohibit the use of this Order or the Judgment in a proceeding to consummate or enforce the Settlement Agreement or Judgment, or to defend against the assertion of Released Claims in any other proceeding. All other relief not expressly granted to the Settlement Class Members is denied.

25. The Parties shall bear their own costs and attorneys' fees, except as otherwise set forth in this Order.

26. This document constitutes a final judgment and separate document for purposes of Federal Rule of Civil Procedure 58(a).

27. The Court finds, pursuant to Rule 54(a) of the Federal Rules of Civil Procedure, that this Final Judgment should be entered and that there is no just reason for delay in the entry of this Final Judgment as to Plaintiff, the Settlement Class, and CPA Global. Accordingly, the Clerk is hereby directed to enter Judgment forthwith.

**IT IS SO ORDERED.**

**JUDGMENT ENTERED** this October 6, 2017.

DATED: October 6, 2017

/s/
T. S. Ellis, III
United States District Judge